421 So.2d 470 (1982)
Kenneth C. SCULLIN Individually and on Behalf of the AMERICAN COMPANIES
v.
The PRUDENTIAL INSURANCE CO. OF AMERICA, Robert D. Bridgewater, et al.
No. 13145.
Court of Appeal of Louisiana, Fourth Circuit.
October 19, 1982.
*471 Gilbert Buras, Jr., New Orleans, for plaintiff-appellant.
Gregory P. Dileo, Ewell E. Eagan, Jr., New Orleans, for defendants-appellees.
Before BARRY, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
This is an appeal from the nullification of a default judgment. We affirm.
The sequence of events leading to this appeal are as follows: On December 4, 1979 an original petition was filed by Kenneth C. Scullin, appellant herein. That petition named Prudential Insurance Co., and "Richard Roe" as defendants. Service was requested only as to Prudential. On March 21, 1980 a first supplemental and amending petition was filed, identifying Robert D. Bridgewater, appellee herein, as "Richard Roe", and praying for service of both the original and supplemental petitions on Bridgewater. On March 29, 1980 the first supplemental and amending petition, without a copy of the original petition, was served on Bridgewater. On May 7, 1980 a preliminary default was entered against Bridgewater. On June 16, 1980 a second supplemental and amending petition was filed. On June 23, 1980 this petition was served on Bridgewater, once again without a copy of the original petition attached. On June 25, 1980 Bridgewater filed an exception, styled as a dilatory exception, urging the failure of the supplemental petition to comply with C.C.P. Art. 891, and the lack of service of original petition. The exception concluded with a prayer for dismissal of the suit at plaintiff-appellant's cost. On June 26, 1980 the second supplemental and amending petition was dismissed as to Bridgewater and the default judgment previously entered against him was confirmed. On June 30, 1980 Bridgewater moved for a new trial or, alternatively, to nullify the *472 default judgment confirmed on June 26th. At the hearing on these motions the trial court ordered counsel for Bridgewater to file a petition for nullity. This was done on September 26, 1980. On October 10, 1980 the trial judge issued an order vacating the default judgment he had previously confirmed. It is from that order that this appeal is taken.
After a careful review of the record in this case we find that the trial judge was correct in his decision to annul the default judgment.
Article 1201 of the Code of Civil Procedure clearly states:
"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null."
It is un-contested that the appellee, Bridgewater, was never served with the original petition in this matter. He was served with a first supplemental and amending petition which incorporated the allegations of the original petition by reference, however the original petition was not annexed thereto. Appellant argues strenuously that this was sufficient to put appellee on notice of the claim against him. We cannot agree. The petition which was served on appellee contained no allegation which, in any way, notified him of the nature or factual basis of the appellant's claim against him. The appellant further argues that Bridgewater had actual knowledge of the contents of the original petition prior to the service of the first supplemental and amending petition. This argument is without merit.
The law is clear that actual knowledge of the existence of an action cannot supply the want of citation. Proper citation is the foundation of all actions. It is a fundamental principle of our law that no valid judgment can be rendered in any case where the defendant has not been informed of the suit against him by citation in strict compliance with the law. See C.C.P. 2002 and 1201. Billiot v. Sea Life Inc., 384 So.2d 1023 (La.App. 4th Cir.1980), Piper v. Olinde's Hardware & Supply Co., Inc., 276 So.2d 788 (La.App. 1st Cir.1973), National Acceptance Co. v. Alexis, 201 So.2d 21 (La. App. 4th Cir.1967).
C.C.P. Article 2002 provides in pertinent part:
"A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and has not entered a general appearance, or against whom a valid judgment by default has not been taken;"
Appellant argues that the exception filed by Bridgewater on June 25, 1980 constituted a general appearance which, under C.C.P. Article 7, waived any objection to the lack of citation and service. This argument is based on appellant's contention that the exception was based on the form of the petition and not the sufficiency of service.
The characterization of a pleading by its' author is not controlling. Pleadings are governed by their substance and not by their caption. Higdon v. Higdon, 385 So.2d 396 (La.App. 1st Cir.1980), Weber v. Bon Marche Pharmacy, 378 So.2d 520 (La.App. 4th Cir. (1979), Louisiana Livestock Sanitary Board v. Johnson, 372 So.2d 585 (La. App. 3rd Cir.1979).
A fair reading of the exception and supporting memorandum filed by the appellee do not support appellant's contention. While the exception is styled as dilatory and is couched in terms of the petition's non-compliance with C.C.P. 891, (relating to the form and content of petitions), the clear intent of the exception is to object to the lack of citation and service of the original petition. In essence the exception urges that, because the original petition was never served on Bridgewater, the supplemental petition which was served on him is defective in that it did not set forth a statement of the object of the demand or the material facts upon which that demand was based. The first part of the exception is declinatory in nature, taking exception to the jurisdiction of the court over the person of the defendant. The second part of the exception *473 is dilatory in nature, objecting to the form of the petition itself.
C.C.P. Article 928 requires that all declinatory and dilatory exceptions be filed at the same time, prior to answer or judgment by default, or they are waived. They need not plead in the alternative and may be incorporated in the same pleading. C.C.P. 928.
While ordinarily the filing of a dilatory exception would constitute a general appearance, C.C.P. Article 7 provides that, where a declinatory exception includes a prayer for dismissal on the grounds that the court lacks personal jurisdiction over the defendant,
`... the filing of the dilatory exception therewith.... when required by law, does not constitute a general appearance."
As pointed out above C.C.P. Art. 928 requires that all declinatory and dilatory exceptions be filed at the same time. The appellee's exception urges the lack of citation and service of the original petition and prays for dismissal on that basis. The law requires that any objection to the form of the petition be filed at the same time. See C.C.P. 928. This brings the present case within the exception to the general appearance rule found in Article 7.
Having found that the appellee was never served with the original petition, and that he did not make a general appearance, we conclude that the trial judge was correct in nullifying the default judgment.
All costs of this appeal to be borne by the appellant.
AFFIRMED.