637 So.2d 779 (1994)
David KIMBALL
v.
Barbara Ledet KIMBALL.
No. 93 CA 1364.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*780 R. Loren Kleinpeter, Baton Rouge, for plaintiff-appellee David Kimball.
Celia R. Cangelosi, Baton Rouge, for defendant-appellant Barbara L. Kimball.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
This is an appeal from a judgment finding that a divorce sought pursuant to La.C.C. art. 102 can be granted where the notice required by La.R.S. 13:3491 is not given. We reverse.
The plaintiff, Dave Kimball, filed a petition for divorce against the defendant, Barbara Ledet Kimball, on the basis of living apart for six months pursuant to La.C.C. art. 102. After the plaintiff filed the rule for the divorce, the defendant responded with an exception of prematurity, contending the plaintiff failed to give the notice required by La.R.S. 13:3491, although she was served with the petition for divorce and accompanying rule nisi. The defendant also alternatively opposed the rule for divorce on the basis that the plaintiff failed to attach a verification to the rule. Following a hearing on the rule to show cause on the motion for divorce, the trial court denied the exception and granted the divorce. From this judgment, the defendant appeals.
The defendant contends that the trial court erred in granting the divorce and denying her exception of prematurity. Alternatively, the defendant contends the divorce is invalid because the rule was not accompanied by a verification/affidavit of the plaintiff as described under La.C.C.P. art. 3952. We pretermit the issue involving the verification because we find that the defendant's first contention has merit.
In determining whether the notice at issue is required, we are mindful of the rules of statutory construction. Laws on the same subject matter must be construed together. La.C.C. art. 13. It is presumed that every word, sentence or provision of law was intended to serve some useful purpose, that some effect is to be given to each provision, and that no unnecessary words or provisions were used. Sanchez v. Sanchez, 582 So.2d 978 (La.App. 1st Cir.1991). Subsequent legislation on the same subject is useful in furnishing an interpretation of previous words and fixing their import. Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 on rehearing, cert. denied, 382 U.S. 902, 86 S.Ct. 236, 15 L.Ed.2d 155 (1965).
La.C.C.P. art. 1201(A) provides, "Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null." The Comment to article 1201 states:

*781 The form of initial notice that is required in divorce actions brought under Article 102 of the Civil Code is exclusively set forth in R.S. 13:3491 (1990). Often, however, such a divorce action will be accompanied by an ordinary action, such as a claim for partition of community property, that requires service of citation under this Article. In such cases both the notice required by R.S. 13:3491 and the citation required by this Article will have to be served on the defendant, unless those services are waived.
Proper citation is the foundation of all actions. A fundamental principle of law is that no valid judgment can be rendered in any case where the defendant has not been informed of the suit against him by citation in strict compliance with the law. Actual knowledge of the existence of an action cannot supply the want of citation. Scullin v. Prudential Insurance Co., 421 So.2d 470 (La. App. 4th Cir.1982).
Although citation is not required in a divorce action brought under La.C.C. art. 102, the Official Revision Comment to La. C.C.P. art. 1201 points out that the notice described by La.R.S. 13:3491 is required. Also, a comparison of La.C.C.P. art. 1202, which describes the form of citation, with La.R.S. 13:3491 shows that the notice set forth in La.R.S. 13:3491 is a more specific requirement for an Article 102 divorce, intended to replace the general citation normally given in civil suits.
La.R.S. 13:3491, which is entitled, "Divorce under Civil Code Article 102; notice of suit," states:
A. A notice in a divorce action under Civil Code Article 102 must be signed by the clerk of the court or his deputy issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it; and
(5) Statements to the following effect:
(a) The person served is being sued for divorce by his spouse under Civil Code Article 102, and that one hundred and eighty days after the service occurs the suing spouse is entitled to file a motion for final divorce;
(b) The suing spouse will no longer be able to move for a final divorce after one year has elapsed from the date of the service;
(c) The person served is entitled to file his or her own motion for a final divorce against the suing spouse; and
(d) The person served is entitled to file motions for incidental relief in the divorce proceeding, including motions for spousal support, child custody, and child support.
B. The statements required to appear in the notice shall provide substantially as follows:
ATTENTION
YOU ARE BEING SUED FOR DIVORCE BY YOUR SPOUSE. ONE HUNDRED AND EIGHTY DAYS AFTER YOU RECEIVE THIS NOTICE YOUR SPOUSE MAY FILE FOR AND OBTAIN A FINAL DIVORCE.
YOU MAY FILE FOR A FINAL DIVORCE YOURSELF, AND YOU MAY SEEK CUSTODY OF CHILDREN, AND MONEY FOR THEIR SUPPORT AND YOUR SUPPORT, AS WELL AS OTHER RELIEF TO PROTECT YOU.
IF YOUR SPOUSE FAILS TO FILE FOR A FINAL DIVORCE IN ONE YEAR, HE MAY NOT DO SO WITHOUT FILING NEW PAPERS AND WAITING ANOTHER ONE HUNDRED AND EIGHTY DAYS.
IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE, YOU SHOULD TALK IMMEDIATELY WITH AN ATTORNEY ABOUT IT.
In light of the fundamental importance of citation, the legislature's enactment of a statute setting forth a specific form of notice for *782 a divorce action indicates its intent that this notice substitute for citation, and, thus, that the notice must be given.
We find further support for our conclusion in La.C.C.P. art. 3957, added by Acts 1991, No. 367, § 2, the most recent enactment of the legislature in this area, which states, "A party in a divorce action under Civil Code Article 102 may expressly waive service of the petition and accompanying notice by any written waiver...." Additionally, we note the Comment to Article 3953 of the Code of Civil Procedure, which states, "Few formalities are present in the provisions of Acts 1990, No. 1009 [the new divorce law] but the requirements herein cannot be bypassed."
The judgment of the trial court is reversed. The exception of prematurity is sustained, and the judgment granting the divorce is reversed. The plaintiff's action is dismissed without prejudice. Costs must be paid by the plaintiff.
REVERSED AND RENDERED.