| iKNOLL, Judge.
This appeal by Connie Johnston arises from a judgment granting a divorce to the plaintiff, Morris Johnston. Connie contends that the judgment of divorce is null because she did not receive the mandatory notices set forth in LSA-R.S. 13:3491 and 3492.[1] For the reasons which follow, we reverse and remand for further proceedings.
Morris and Connie Johnston were married on March 10, 1979, and physically separated on July 4, 1993. Morris filed a petition for divorce on October 13, 1993. On November 3, 1993, Connie executed the following document before a notary public:

“Acceptance of service, waiver of citation, etc.

I, CONNIE JOHNSTON, declare that I have been furnished with a copy of the foregoing Petition for Divorce; that I accept service thereof and waive all necessary citation and service of process, thereby reserving all other rights, notices, claims, privileges and defenses.”
/s/ CONNIE JOHNSTON
|2The petition for divorce which was furnished to Connie did not include the mandatory notice of suit set forth in LSA-R.S. 13:3491. The acceptance of service was filed into the record on November 10, 1993.
On December 20, 1993, Connie filed an answer to Morris’ petition and reconvened seeking alimony and child support. On May 10, 1994, Morris filed a rule to show cause why a divorce should not be granted on his behalf. The rule was served upon Connie but did not include the mandatory accompanying notice set forth in LSA-R.S. 13:3492. Connie responded with dilatory and peremptory exceptions, contending that the rule to show cause was premature because the LSA-R.S. 13:3491 notice of suit had not been provided with the original petition, nor had the LSA-R.S. 13:3492 notice been provided with the rule to show cause. The trial court denied the exceptions and granted the divorce. Connie appeals, raising four issues: (1) whether the trial court properly granted a judgment of divorce in accordance with LSA-C.C. Art. 102, despite the fact that the notice required by LSA-R.S. 13:3491 was not provided to or waived by Connie; (2) whether the trial court properly granted a judgment of divorce in accordance with LSA-C.C. Art. 102, despite the fact that the notice required by LSA-R.S. 13:3492 was not provided to or waived by Connie; (3) whether the trial court properly granted a divorce in accordance with LSA-C.C. Art. 103, where the petition for divorce failed to state that the parties had been living separate and apart for a period of six months or more on the date the petition was filed; and (4) whether the trial court properly granted a divorce in accordance with LSA-C.C. Art. 103'by summary procedure and by affidavit.
MOTION TO DISMISS THE APPEAL
We first address a motion filed by Morris to dismiss Connie’s appeal. He contends that her motion for a new trial, filed by facsimile on June 20, 1994, and in ^original on June 21, 1994, was not timely perfected, and as a result, her appeal is untimely. Connie responds with a request for sanctions pursuant to LSA-C.C.P. Art. 863, including costs and attorney’s fees, for the filing of a frivolous pleading.
Motion for a new trial: The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing to run on the day after the judgment was signed. LSA-C.C.P. Art. 1974. The judgment of divorce in favor of Morris was signed in open court on Monday, June 13, 1994; the seven day period thus began to run on Tuesday, *42 June 14. Saturday and Sunday, June 18 and 19, are legal holidays for the purpose of computation of time. LSA-R.S. 1:55(E)(3). By our calculations, therefore, the delay expired on Wednesday, June 22, and Connie’s motion for a new trial, filed in original on Tuesday, June 21, was timely.
The appeal: An appeal from a judgment granting a divorce must be taken within thirty days of the court’s refusal to grant a timely application for a new trial. LSA-C.C.P. Arts. 3942 and 2087(A)(2). Connie’s motion for a new trial was denied on July 25, 1994. She filed her notice of appeal on July 27, two days later. This appeal is clearly timely.
Accordingly, we deny the appellee’s motion to dismiss the appeal. We must also deny Connie’s request for sanctions for the filing of a frivolous pleading, as an appellate court is powerless to impose Article 863 sanctions. Hampton v. Greenfield, 618 So.2d 859 (La.1993).
NOTICE OF SUIT: LSA-R.S. 13:3491
The first issue which must be resolved is whether the notice of suit set forth in LSA-R.S. 13:3491 must be provided to the defendant spouse in an Article 102 divorce action. Based upon unambiguous legislative intent and supported by recent jurisprudence, we hold that such notice is mandatory, unless properly waived.
LLSA-C.C.P. Art. 1201(A) provides:
“Citation and service thereof are essential in all civil actions except ... divorce actions under Article 102 of the Civil Code. Without them all proceedings are absolutely null.” (Emphasis added).
The Official Revision Comment to Article 1201 states:
“The form of initial notice that is required in divorce actions brought under Article 102 of the Civil Code is exclusively set forth in R.S. 13:84-91 (1990)_” (Emphasis added).
LSA-R.S. 13:3491 was enacted in 1990 as part of a comprehensive revision of Louisiana divorce law and procedure. In a comment to LSA-C.C.P. Art. 3953, which pertains to nullity of the judgment of divorce, the Legislature stated: “Few formalities are present in the provisions of Acts 1990, No. 1009, but the requirements herein cannot be bypassed.” (Emphasis added).
LSA-R.S. 13:3491 provides as follows:
“§ 3491. Divorce under Civil Code Article 102; notice of suit
A. A notice in a divorce action under Civil Code Article 102 must be signed by the clerk of the court or his deputy issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it; and
(5) Statements to the following effect:
ls(a) The person served is being sued for divorce by his spouse under Civil Code Article 102, and that one hundred and eighty days after the service occurs the suing spouse is entitled to file a motion for final divorce;
(b) The suing spouse will no longer be able to move for a final divorce after one year has elapsed from the date of the service;
(c) The person served is entitled to file his or her own motion for a final divorce against the suing spouse; and
(d) The person served is entitled to file motions for incidental relief in the divorce proceeding, including motions for spousal support, child custody, and child support.
B. The statements required to appear in the notice shall provide substantially as follows:
ATTENTION
YOU ARE BEING SUED FOR DIVORCE BY YOUR SPOUSE. ONE HUNDRED AND EIGHTY DAYS AFTER YOU RECEIVE THIS NOTICE YOUR SPOUSE *43 MAY FILE FOR AND OBTAIN A FINAL DIVORCE.
YOU MAY FILE FOR A FINAL DIVORCE YOURSELF, AND YOU MAY SEEK CUSTODY OF CHILDREN, AND MONEY FOR THEIR SUPPORT AND YOUR SUPPORT, AS WELL AS OTHER RELIEF TO PROTECT YOU.
IF YOUR SPOUSE FAILS TO FILE FOR A FINAL DIVORCE IN ONE YEAR, HE MAY NOT DO SO WITHOUT FILING NEW PAPERS AND WAITING ANOTHER ONE HUNDRED AND EIGHTY DAYS.
IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE, YOU SHOULD TALK IMMEDIATELY WITH AN ATTORNEY ABOUT IT.”
|6In Kimball v. Kimball, 93-1364 (La.App. 1st Cir. 5/20/94), 637 So.2d 779, our colleagues of the First Circuit thoroughly analyzed the provisions of LSA-R.S. 13:3491 and related legislation in the context of a petition for divorce served upon the defendant wife without a notice of suit. The First Circuit reversed the judgment of divorce, holding that the LSA-R.S. 13:3491 notice of suit serves as a substitute for citation and, therefore, is essential in a suit for divorce under Article 102. We agree.
Because the Legislature has mandated the requirement of notice of suit, we feel it is appropriate to comment that we find this notice an important public policy consideration. Before the enactment of a six month, no fault divorce under LSA-C.C. Art. 102, which became effective on January 1, 1991, Louisiana law favored the institution of marriage by making it more difficult and requiring a longer period of time to obtain a judgment of separation or divorce, absent the grounds of adultery or a felony conviction. More often than not, these legal obstacles would give the litigants a cooling-off period and they would reconcile; or, continue with the proceedings which normally took a year or longer, in turn giving the litigants a better understanding of what they were doing. Since 1991, a shorter period of time has been required to dissolve a marriage. Couples can now get divorced in six months without fault being an issue. While the new laws make it a very simple and convenient process, they clearly mandate that detailed notice be formally served upon the spouse being sued, informing that spouse of the procedural status of the suit and the respective rights of the parties. The notice is not intended as just a superfluous legal window dressing, and it should be strictly complied with or expressly waived as required by law.
|7Having decided that a notice of suit is mandatory, we next address the issue of waiver. A spouse may waive service of the notice of suit in accordance with the provisions of LSA-C.C.P. Art. 3957(A):
“A party in a divorce action under Civil Code Article 102 may expressly waive service of the petition and accompanying notice by any written waiver executed after the filing of the petition and made part of the record.” (Emphasis added).
Notwithstanding the provisions of LSA-C.C.P. Art. 3957(A), however, if a spouse enters a general appearance, he implicitly waives objection to service of the petition and accompanying notice. LSA-C.C.P. Art. 7 provides:
“A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.”
In the case sub judice, Connie made a general appearance when she filed an answer and reconventional demand on December 20, 1993. She thereby waived any objection to the jurisdiction of the court, including the declinatory exceptions of improper citation *44 and improper service of process and the dilatory exception of prematurity. LSA-C.C.P. Arts. 925 and 926. This implicit waiver forecloses Connie’s first argument that the judgment of divorce should be annulled because Morris failed to provide her with the LSA-R.S. 13:3491 notice of suit.
JgNOTICE OF RULE TO SHOW CAUSE: LSA-R.S. 13:3492
Again, the first issue which must be addressed is whether it is mandatory that the notice set forth in LSA-R.S. 13:3492 accompany the rule to show cause. Based upon the reasoning set forth above, we hold that such notice is mandatory.
LSA-R.S. 13:3492 provides as follows:
“§ 3492. Divorce under Civil Code Article 102; notice of rule to show cause
A. A notice of a rule to show cause under Civil Code Article 102 must be signed by the clerk of the court or his deputy issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the motion, order and rule to show cause; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it;
(5) The return date, time, and place; and
(6) Statements to the following effect:
(a) The person served is being directed to appear and show cause why a divorce should not be granted to his spouse;
(b) The necessity for the lapse of one hundred and eighty days from service of the petition of divorce upon the person; and
(e) The person served is entitled to appear and oppose the divorce action and to file motions for incidental relief in the divorce proceeding, including motions for spousal support, child custody, and child support.
B. The statements required to appear in the notice shall provide substantially as follows:
| ¡ATTENTION
YOU ARE BEING SUED FOR FINAL DIVORCE. A JUDGMENT OF DIVORCE MAY BE RENDERED AGAINST YOU ON THE DATE SPECIFIED IN THE ATTACHED RULE TO SHOW CAUSE UNLESS YOU APPEAR AND OPPOSE THE RULE.
ONE HUNDRED AND EIGHTY DAYS MUST HAVE PASSED SINCE YOU OR YOUR SPOUSE RECEIVED THE FIRST NOTICE OF THE DIVORCE ACTION.
YOU MAY SEEK CUSTODY OF CHILDREN, AND MONEY FOR THEIR SUPPORT AND YOUR SUPPORT, AS WELL AS OTHER RELIEF TO PROTECT YOU.
IF YOU ARE UNSURE WHAT TO DO, YOU SHOULD IMMEDIATELY TALK WITH AN ATTORNEY ABOUT IT.”
As with the LSA-R.S. 13:3491 notice of suit, the notice required to accompany the rule to show cause may be expressly waived in accordance with the provisions of LSA-C.C.P. Art. 3957(C):
“A party in a divorce action under Civil Code Article 102 may expressly waive service of the rule to show cause why a divorce should not be granted and accompanying notice by any written waiver executed after the fifing of the rule to show cause and made part of the record.”
It is undisputed, however, that Connie did not execute a waiver of the LSA-R.S. 13:3492 notice. Nor did she receive the LSA-R.S. 13:3492 notice. Morris argues that since the notice served upon Connie contained some of the information required by the statute, the notice requirements were met. We disagree. The statute is clear that the statements required to appear in the notice must conform substantially to that set forth above. On the basis of this defect, we find that the judgment of divorce was improperly granted and therefore remand this case to the trial court. On remand, | ipMorris is instructed to refile a rule to show cause, with accompanying notice in the form required by LSA-R.S. 13:3^92, *45 and properly serve these pleadings upon Connie Johnston.[2]
Having found that the judgment of divorce should be reversed for the reasons stated above, we need not address the appellant’s third and fourth assignments of error, which pertain to an Article 103 divorce.
DECREE
For the reasons stated, the judgment granting a divorce to Morris Johnston is reversed. This case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. Costs of this appeal are assessed to Morris Johnston.
REVERSED AND REMANDED.

. Acts 1990, No. 1009 (effective January 1, 1991).

. Our disposition of this case on the issue of the rule to show cause does not affect the initial filing of the petition for divorce.