836 So.2d 1286 (2003)
Sheryl A. JENKINS
v.
Anthony T. CAPASSO, La Auto Insurance and State Farm Mutual Automobile Insurance Company.
Anthony T. Capasso
v.
Sheryl A. Jenkins.
Nos. 2002-CA-0625, 2002-CA-0626.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 2003.
Rehearing Denied February 28, 2003.
Robert B. NcNEAL, Monica L. Lacks, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Appellee, Anthony T. Capasso.
Michelle D. Robert, New Orleans, LA, for Appellant, Sheryl A. Jenkins.
(Court Composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, and Judge MAX N. TOBIAS JR.)
MAX N. TOBIAS JR., Judge.
The plaintiff, Sheryl Jenkins ("Jenkins"), filed suit on 16 December 1996, seeking damages for injuries allegedly sustained in an automobile accident. She named Anthony T. Capasso ("Capasso") as one of the defendants, alleging he was the person driving the vehicle that struck her vehicle and causing her injuries. Service of the citation and petition was not requested when the suit was filed. Jenkins requested service on Capasso on 28 January 1998. Personal service was allegedly obtained on Capasso at 4330 Lennox Boulevard in New Orleanson 18 February 1998 at 8:35 a.m. Capasso never answered the suit and Jenkins obtained a default on 1 September 2000. A judgment confirming the default was obtained against Capasso on 25 October 2000.
*1287 On 20 March 2001, Capasso filed a petition to annul the 25 October 2000 judgment alleging that he was not served with the citation and petition and he had no knowledge of the suit and judgment until January 2001. Capasso filed a motion for summary judgment arguing that the affidavits and documents produced by him prove by clear and convincing evidence that he was not in New Orleans on 18 February 1998 and he was not personally served with the citation and petition. After reviewing the affidavits and documents produced by the parties, the trial court rendered judgment on 14 December 2001, granting Capasso's motion for summary judgment and declaring the judgment of 25 October 2000 an absolute nullity.
Jenkins now appeals arguing that the trial court erred in its ruling. Jenkins contends that Capasso has not met his burden of proof. Jenkins relies upon the sheriff's return from the service of the citation and petition. The sheriff's return indicates that Deputy Rodney Andry personally served Capasso with the citation and petition at 8:35 a.m. on 18 February 1998. Andry also stated in an affidavit that on 18 February 1998, he made service of the citation and petition on Capasso, personally, at 4430 Lennox Boulevard, New Orleans, Louisiana. Andry further stated in his affidavit that he would not have filed a return showing personal service on Capasso if in fact he did not make such service and only made domiciliary service. Andry indicated that he had been a deputy sheriff for twenty years and he has never had a service challenged in court that was declared invalid.
In support of his motion for summary judgment, Capasso produced documentation that he had purchased a house in New Jersey on 2 May 1997 and he and his ex-wife sold the residence on Lennox Boulevard on 16 September 1997. Capasso stated in his affidavit that he moved to New Jersey in May of 1997 when he purchased a house in Highlands, New Jersey. He asserts that he was domiciled in New Jersey on 18 February 1998.
Capasso also produced affidavits of two business associates and a neighbor who stated that Capasso lived in New Jersey in February of 1998. Patrick J. Mason stated in his affidavit that he lived at 6 South Peak Street, Highland, New Jersey since May 1993 and that from May 1997 to April 2000, Capasso was his neighbor and lived at 8 South Peak Street, Highlands, New Jersey. Mr. Mason further stated that he knew Capasso was recently divorced and lived alone. Mr. Mason also indicated that he saw Capasso on a weekly basis and went inside Capasso's residence at least twice a month.
Karen A. Conner, an inventory control manager for a bulk liquid storage facility in New Jersey, stated that on 18 February 1998, Capasso was a sales liaison/marine lubricant representative with Mobil Oil Corporation ("Mobil") and often used her company's services to store and transport Mobil's petroleum products. Ms. Conner further stated that she knew Capasso's home address to be 8 South Peak Street, Highlands, New Jersey, as she sent business correspondence to Capasso's home. Conner recognized her business telephone number on Capasso's telephone bill indicating that Capasso called her business number and did call her from his home at 7:45 a.m. and 7:47 a.m. on 18 February 1998.
Robert R. Roosevelt, vice-president of operations for River Associates, Inc., stated that his company delivered marine lubricants for Mobil. Mr. Roosevelt stated that he knew Capasso's home phone number, as Capasso was the contact person for Mobil. He also stated that he recognized his business phone number on Capasso's telephone bill indicating that Capasso *1288 called him on 18 February 1998 at 1:26 p.m.
Capasso produced his Bell Atlantic and AT & T telephone bills which reflect that telephone calls were made from his home in Highlands, New Jersey on 18 February 1998 at 7:45 a.m., 7:47 a.m., 10:48 a.m., 11:31 a.m., 1:16 p.m., 1:24 p.m., 1:26 p.m., 2:04 p.m., 2:10 p.m., 2:47 p.m., 8:31 p.m., 8:33 p.m., 8:34 p.m. and 9:49 p.m. Capasso also produced his American Express statement, which revealed that his credit card was in Falls Church, Virginia on 17 February 1998 and a purchase from a Sunoco gas station in Oldmans Township, New Jersey on the same date using his credit card. The statement also indicated that a purchase from OfficeMax in Holmdel, New Jersey was made on his credit card on 19 February 1998.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966. Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.
A return of citation shall be considered prima facie evidence of service. La. C.C.P. art. 1292. The return of the officer on the citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.1987). A return of citation cannot be impeached by the uncorroborated testimony of a single witness, and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Roper v. Dailey, 393 So.2d 85 (La.1980). It is also well settled that a judgment rendered against a party who has not been served and who has not appeared is an absolute nullity. See C.C.P. art.2002.
In Citibank (South Dakota) N.A. v. Keaty, 599 So.2d 500 (La.App. 3 Cir.1992), Keaty sought to annul a default judgment obtained against her by Citibank. Keaty alleged that she was not served with the citation and petition. However, the certificate of service executed by the deputy who handled the service indicated that Keaty was personally served at her home in Lafayette, Louisiana. At trial, the deputy sheriff who handled the service testified that he served Keaty personally at her home on 9 July 1987, as reflected on the sheriff's return. The officer admitted that because of the volume of citations he serves, he could not recall the service on Keaty with any particularity. Keaty testified at trial that she could not have been served at her home in Lafayette on 9 July 1987, because she was in New Orleans from the evening of 5 July 1987 to 11 July 1987, preparing to attend law school. She stated that she found an apartment in New Orleans on 8 July 1987, and entered into evidence a photocopy of a check dated 8 July 1987, by which she paid her deposit on the apartment. She further stated that she was given the apartment keys on 8 July 1987 so that she could take apartment measurements, but that she had to return them to the apartment manager on 9 July 1987. Two other witnesses testified on behalf of Keaty. Merrilee Albright, testified that she met Keaty on 9 July 1987 at her (Albright's) apartment in New Orleans at approximately 11:00 a.m., and that the two of them ate lunch at Copeland's Restaurant, remaining there until almost 5:00 p.m. The appellate court found that the testimony of Mrs. Albright and the cancelled check written 8 July 1987, by which Keaty paid her deposit on her apartment, corroborated Keaty's testimony that she was in New Orleans on 8 July 1987 and *1289 concluded that Keaty carried her burden of proof.
In the present case, Capasso has produced evidence to support his allegations that he was not in New Orleans on 18 February 1998 and that he was working, living, and in New Jersey on that date. Jenkins has produced the affidavit of Deputy Andry to prove that the sheriff's return is correct and that Capasso was personally served on 18 February 1998. In order to reach the conclusion no genuine issues of material fact existed and that Capasso was entitled to a summary judgment, the trial court had to weigh the evidence produced by both parties and assess the credibility. This court has noted that, in determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. In this case, all of the evidence was presented by affidavit. The affidavits were supplemented by documents prepared by third parties, which corroborate, in part, the accuracy and truthfulness of the affidavits. The affidavits produced by Capasso establish that Capasso personally made the telephone calls and personally made the American Express credit card charges. The copy of the act of sale of Capasso's dwelling at 4330 Lennox Boulevard months before service of the citation and petition by Deputy Andry and the copy of the deed for a dwelling dated months before the service showing that Capasso owned a home in New Jersey reinforces the affidavits or other documentation.
A trial court is given vast discretion to determine facts. The documentation of Capasso when viewed in light of and compared to the documentation of Jenkins rises to the level of establishing by clear and convincing evidence that the sheriff's return on the citation is erroneous and that Capasso was not personally served on 18 February 1998. No genuine issue of material fact is shown. Thus, the trial court did not err in granting summary judgment in favor of Capasso.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, J. dissents with reasons.
JONES, J. dissenting with reasons.
I respectfully dissent from the majority opinion. In the present case, Mr. Capasso has produced evidence to support his argument that he was not in New Orleans on February 18, 1998, and that he was working and living in New Jersey on that date. However, Sheryl Jenkins has also produced documentation and the affidavit of Deputy Audry to prove that the sheriff's return is correct and that Mr. Capasso was personally served on February 18, 1998. In order to reach the conclusion there were no genuine issues of material fact, and that Mr. Capasso was entitled to a summary judgment, the district court had to weigh the evidence produced by both parties and assess the credibility of the affiants. This Court has noted that, in determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Oakley v. Thebault, 96-0937 (La.App. 4 Cir.1996), 684 So.2d 488, 490. Thus, the district court erred in granting summary judgment in favor of Capasso. The judgment of the district court should be reversed for the reasons stated above.