# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-737


**W & R FARMING PARTNERSHIP**

**VERSUS**

**OLD SOUTH PROPERTIES, INC.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 75610, DIV. B
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**JOHN B. SCOFIELD**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield, Judges.


**REVERSED AND RENDERED.**



**Mark L. Roberts**
**300 St. Denis St.**
**Natchitoches, LA 71457**
**Counsel for Plaintiff-Appellant**
     **W & R Farming Partnership**

**James Rex Fair, Jr.**
**P. O. Box 1258**
**Natchitoches, LA 71458-1258**
**Counsel for Defendant-Appellee**
     **Old South Properties, Inc**.

SCOFIELD, Judge[*].

W & R Farming Partnership (W & R) appeals the trial court's judgment dismissing its action to nullify a default judgment rendered in favor of Old South Properties, Inc. (Old South).

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, W & R, is a partnership consisting of three corporate partners, LCW Farms, Inc., GDW Farms, Inc., and MBR Farms, Inc. W & R leased property known as Glory Plantation from Henry Cook Taylor at a rental of $12,000.00 per year. The lease was signed by Lauren C. Wilson over the designation "Agent: Lauren C. Wilson, Partner." The lease term began December 27, 1999 and ended December 31, 2000, with an option to renew the lease for the next year. W & R apparently exercised its option and renewed the lease, although there is no direct evidence of this of record. The property was sold, subject to the lease, by Taylor to Old South on March 13, 2001. On April 1, 2002, Old South made demand on W & R for payment of the rent for the year 2001. There being no payment made, Old South filed a Petition for Past Due Rents. It is undisputed that the petition was served on Lauren Wilson. No responsive pleading having been filed, Old South obtained a default judgment against W & R.

W & R filed a Petition to Annul Judgment and for Injunction, asserting that Old South failed to serve its petition on the appropriate party as provided by La.Code Civ.P. art. 1263[1] in that Lauren Wilson was not a partner of W & R and was not the

---

[*] The Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

[1] La.Code Civ.P. art. 1263 provides that:

Service of citation or other process on a partnership is made by personal service on a partner. Service of citation or other process on a partnership in

agent for service of process for W & R or any of the corporate partners. A temporary restraining order was issued prohibiting Old South from enforcing the default judgment, pending a hearing on the annulment action.

At the trial court hearing, it was stipulated that Lauren Wilson was served with the original suit and that she is not a partner in W & R Farming Partnership, nor an agent for service of process of any of the corporate partners of W & R. Old South introduced into evidence the record in the suit for past due rent, the partnership articles for W & R, and the Articles of Incorporation of the three partner corporations in W & R. This evidence shows that Lauren Wilson is an officer in, and incorporator of, two of the partner corporations, MBR Farms, Inc and LCW Farm, Inc.

The trial court rendered judgment denying the petition to annul, and recalling the Temporary Restraining Order, and issued a written ruling finding that:

> The service in this case on Lauren C. Wilson, who is listed in the lease which is the basis of this lawsuit, as "agent: Lauren C. Wilson, partner" (of the W & R Farming Partnership) was sufficient to put W & R Farming Partnership on notice that suit had been filed. The failure of W & R Farming Partnership to respond to the lawsuit is imputed to the partnership itself.

W & R timely filed an appeal to this court. For the reasons set forth hereinafter, we reverse.

## DISCUSSION

The issue before the court is whether the service of the original suit on Lauren Wilson was sufficient to subject W & R to the jurisdiction of the trial court. "Citation and service thereof are essential in all civil actions except summary and executory

---

commendam is made by personal service on a general partner. When the officer certifies that he is unable, after diligent effort, to make service in this manner, he may make personal service on any employee of suitable age and discretion at any place where the business of the partnership or partnership in commendam is regularly conducted.

2

proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null." La.Code Civ.P. art. 1201(A).

It is well established that "proper citation is the foundation of all actions." *Johnson v. Brown*, 03-0679, p. 9 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 325, *citing Naquin v. Titan Indemnity Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704; *Kimball v. Kimball*, 93-1364, p. 3 (La.App. 1 Cir. 5/20/94), 637 So.2d 779, 781. Even the defendant's actual knowledge of an action or actual notice of a suit, "no matter how clearly brought home to [the defendant]," cannot substitute for proper citation and service. *Kimball*, 637 So.2d 779; *Johnson,* 851 So.2d 319; *Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc.*, 32,783 (La.App. 2 Cir. 3/1/00),754 So.2d 336; *Scullin v. Prudential Ins. Co. of Am.*, 421 So.2d 470 (La.App. 4 Cir. 1982). Citation and service must comply strictly with the law to support a valid judgment. *Kimball*, 637 So.2d 779; *Scullin*, 421 So.2d 470. Without valid citation and service of process, "the court does not have jurisdiction over the person of the defendant." *In re Justice of Peace Landry*, 01-0657, p. 9 (La. 6/29/01), 789 So.2d 1271, 1277. Any judgment rendered against a party not cited and served as provided by law is absolutely null. *Id. See also* La.Code Civ. P. art. 2002.

Under La.Code Civ.P. art. 1263, service on a partnership must be made on a partner. If service in this manner cannot be accomplished in spite of "diligent effort,"[2] service may be accomplished by making "personal service on any employee of suitable age and discretion at any place where the business of the partnership . . . is regularly conducted." To accomplish service on W & R, citation should have been

---

[2]    There is nothing in the record or the allegations of the parties, suggesting that efforts to serve a partner failed in spite of a diligent effort to do so.

made on one of the partner corporations through its registered agent. Louisiana Code of Civil Procedure article 1261(A) provides that: "Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process." An examination of the corporate and partnership records introduced by Old South shows that Lauren Wilson was neither a partner of W & R nor an agent for service in any of its partner corporations. Consequently, service on Lauren Wilson did not fulfill the requirements of La.Code Civ.P. art. 1263 for service on W & R. In the absence of valid citation and service of the petition for past due rent on W & R, the default judgment rendered against it is null.

As a result, the judgment of the trial court is reversed. Judgment is rendered annulling the default judgment rendered by the trial court in favor of Old South. Costs of this appeal are assessed to the Appellee, Old South.

**REVERSED AND RENDERED.**