STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1321


KATHLEEN WHITEHURST, ET AL.

VERSUS

A-1 AFFORDABLE SIDING, INC., ET AL.


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2004-4487
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED IN PART, REVERSED IN PART.**

Joseph L. Waitz
Douglas E. Waitz
Waitz & Downer
423 Goode Street
Post Office Box 7015
Houma, LA 70361-7015
(985) 876-0870
COUNSEL FOR PLAINTIFFS/APPELLEES:
      Kathleen Whitehurst, Et Al.


John A. Hernandez, III
321 West Main Street, Suite 2-G
Lafayette, LA 70501
(337) 233-5330
COUNSEL FOR DEFENDANTS/APPELLANTS:
      A-1 Affordable Siding, Et Al.

PETERS, J.,

This is an appeal of a $19,900.00 default judgment rendered in favor of the plaintiffs, Kathleen Whitehurst, Kathleen Whitehurst, LLC, and Kathleen Whitehurst Properties, LLC and against the defendants, A-1 Affordable Siding, Inc. (A-1 Corporation) and Alan J. Bernard. On appeal, the defendants seek to have the judgment declared an absolute nullity and, to that end, assert two assignments of error. For the following reasons, we affirm the judgment rendered against Mr. Bernard, but reverse and set aside, as absolutely null, the judgment rendered against A-1 Corporation.

## DISCUSSION OF THE RECORD

Ms. Whitehurst brought this action in her individual capacity and on behalf of the two named limited liability companies to recover damages for the failure of the defendants to perform a residential repair contract in a workmanlike manner. Her petition filed September 10, 2004, identifies the two defendants as follows:

> **A.** **A-1 AFFORDABLE SIDING, INC.**, a corporation organized under the laws of the State of Louisiana, authorized to do and doing business in the Parish of Lafayette, located at 705 W. Gloria Switch Rd., Lafayette, Louisiana 70507; and

> **B.** **ALAN J. BERNARD**, of the full age of majority, and domiciled in the Parish of Lafayette, State of Louisiana.

The petition further asserted that the plaintiffs and the defendants entered into a contract wherein the defendants agreed to install siding on a residence in Lafayette, Louisiana, in exchange for the payment of $34,300.00. The petition stated in detail the obligations contractually undertaken by the defendants; asserted that the plaintiffs paid the full price of the contract to the defendants and that the defendants did not properly perform their obligations under the contract; and sought relief in the form of a return of the $34,300.00 paid or the cost of repairs necessitated by the

defendants' breach of the contract. The petition ended with the usual prayer for citation and service on each of the defendants, and for judgment against both of them.

After the plaintiffs filed suit, the Lafayette Parish Sheriff's Department attempted to effect service and citation on both defendants by serving Mr. Bernard's wife. The two citations and the Sheriff's service of process returns filed in the record reflect that the first citation was issued to Alan J. Bernard at his address at 705 W. Gloria Switch Rd. in Lafayette, Louisiana, and the attached return signed by the deputy making service indicates domiciliary service on Mr. Bernard through his wife, Michelle, at that address on September 16, 2006 at 8:05 a.m. The second citation was issued to "A-1 AFFORDABLE SIDING INC THRU ITS AGENT FOR SERVICES[sic] OF PROCESS ALAN J BERNARD 705 W GLORIA SWITCH RD LAFAYETTE LA 70507." The sheriff's return shows domiciliary service on Alan J. Bernard "on wife Miche" on September 16, 2004 at 8:05 a.m.

The defendants did not respond to the petition. On July 19, 2005, the plaintiffs moved for and obtained a preliminary default against the defendants. Thereafter, on December 12, 2005, the plaintiffs confirmed the default in open court. The record on appeal contains no transcription of the confirmation proceedings, nor a narrative of the facts as allowed by La.Code Civ.P. art. 2131. The only evidence of the in-court activity of that date is the court minutes, which reflect the following:

> This matter, previously fixed for this date to be taken up on a Confirmation. Present in open court were; Joe Waitz and Doug Waitz, attorneys for the plaintiff. Counsels for the plaintiff introduced the record into evidence, the following evidence were introduced into the record: P-1 In Globo; Photocopies of the home, P-2; A-1 Siding Proposal by Allen Benard[sic], P-3; Proposal and copies of checks by S & B Builders, LLC. The following witness testified in this matter: Kathleen Whitehurst. After hearing testimony and evidence the court granted the Confirmation in favor of the Plaintiff and against the

2

Defendant. Judgment in accordance with the ruling will be signed upon presentation.

The trial court signed a judgment on January 18, 2006, awarding the plaintiffs a $19,900.00 judgment against the defendants.

**OPINION**

The defendants have appealed this judgment, asserting in their two assignments of error that the trial court erred in granting the preliminary default against them and in confirming that default. In their argument before this court, they assert that the judgment against both defendants is an absolute nullity because of defects in the service of process. They further assert that the judgment rendered against Mr. Bernard was based on insufficient evidence.

In addressing the defendants' argument that the judgment is a nullity, we first recognize that "[i]t is well established that 'proper citation is the foundation of all actions.'" *W & R Farming Partnership v. Old South Properties, Inc.*, 04-737, p. 3 (La.App. 3 Cir. 11/10/04), 887 So.2d 646, 648 (citations omitted). "Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are *absolutely null*." La.Code Civ.P. art. 1201(A). (Emphasis added). Without valid citation and service of process, "the court does not have jurisdiction over the person of the defendant." *In re Justice of Peace Landry*, 01-657, p. 9 (La. 6/29/01), 789 So.2d 1271, 1277. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance with the law, all subsequent proceedings are absolutely null. *Beevers v. Burmaster*, 00-1951 ( La.App. 5 Cir. 4/11/01), 787 So.2d 381. Because the absolute nullity argument is predicated on different grounds as to

3

the individual defendants, we will discuss them separately, beginning with the judgment against A-1 Corporation.

A-1 Corporation asserts that the service, not the citation form, is defective. It points out that the service on Mrs. Bernard did not satisfy the requirement of La.Code Civ.P. art. 1261(A) that "[s]ervice of citation or other process on a domestic . . . corporation is made by *personal service* on any one of its agents for service of process.[1]   (Emphasis added).  We agree.  Our jurisprudence has consistently interpreted La.Code Civ.P. art. 1261 to prohibit domiciliary service on a corporation. *Murdock v. Brittco, Inc.*, 517 So.2d 898 (La.App. 3 Cir. 1987); *Rue v. Messmer*, 332 So.2d 591 (La.App. 4 Cir.), *writ denied*, 337 So.2d 525 (La.1976).  Also, service upon the wife of a corporation's agent at the agent's residence is insufficient. *Gamble v. Carter*, 378 So.2d 185 (La.App. 1 Cir. 1979).

Louisiana Code of Civil Procedure Article 2002(A)(2) provides that "[a] final judgment *shall* be annulled if it is rendered . . . [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken."[2] (Emphasis added).  A-1 Corporation was not served with process as required by law and has not waived objection to the jurisdiction.  Therefore, we vacate and set aside the judgment against A-1 Corporation as being absolutely null.

---

[1]The article provides for certain alternative methods of service but those alternatives are not applicable in this case.

[2]Although the plaintiffs have not questioned the procedural propriety of A-1 Corporation raising the nullity of the judgment on appeal, we conclude that we may entertain the nullity question on appeal because there is no factual issue in this appeal relating to the sufficiency of the citation, the actual service effected, or the correctness of the return.  If the record is insufficient to make a determination of proper service, the defendant must bring a separate action for nullity and thereby enable evidence concerning the service of process. *Decca Leasing Corp. v. Torres*, 465 So.2d 910 (La.App. 2 Cir.), *writ denied*, 468 So.2d 1211 (1985).

Mr. Bernard does not argue that domiciliary service as provided for in La.Code Civ.P. art. 1231 was not legally sufficient. Instead, he asserts that he should not have been made a party defendant because the contract was not between him and the plaintiffs, but between his corporation and the plaintiffs. This issue overlaps with Mr. Bernard's final assignment of error, that the evidence was not sufficient to render a judgment against him personally, and we will consider the two issues together.

A litigant seeking to obtain a judgment by default must provide "proof of the demand sufficient to establish a prima facie case." La.Code Civ.P. art. 1702. It is well settled that a prima facie case sufficient to confirm a default judgment is established when the plaintiff proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied. *Martin v. Sanders*, 35,575 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209.

If no record has been made of the confirmation proceeding, the judgment is presumed to be supported by sufficient evidence. *Smith v. Clement*, 01-87 (La.App. 3 Cir. 10/3/01), 797 So.2d 151, *writ denied*, 01-2878 (La. 1/25/02), 807 So.2d 249 and *writ denied* 01-2982 (La. 1/25/02), 807 So.2d 843; *See also Gresham v. Production Management, Inc.*, 02-1228 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, *writ denied*, 04-650 (La. 5/7/04), 872 So.2d 1082. That presumption applies in this matter. Therefore, we affirm the judgment rendered against Mr. Bernard.

### DISPOSITION

For the foregoing reasons we reverse and set aside, as absolutely null, the judgment as rendered against the defendant, A-1 Affordable Siding, Inc. We affirm the judgment as rendered against the defendant, Alan J. Bernard. Costs of the trial and this appeal will be born one-half by the plaintiffs, Kathleen Whitehurst, Kathleen

5

Whitehurst, LLC, and Kathleen Whitehurst Properties, LLC, and one-half by Alan J.

Bernard.

**JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.**