NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-91

KATHLEEN WHITEHURST, ET AL.

VERSUS

A-1 AFFORDABLE SIDING, INC., ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-4487
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

Joseph L. Waitz
Douglas E. Waitz
Waitz & Downer
423 Goode Street
Houma, Louisiana 70361
(985) 876-0870
Counsel for Plaintiffs/Appellees:
    Kathleen Whitehurst
    Kathleen Whitehurst, LLC
    Kathleen Whitehurst Properties, LLC

**John A. Hernandez, III**
**Hernandez and Hernandez**
**321 W. Main Street, Suite 2-G**
**Lafayette, Louisiana  70501**
**(337) 233-5330**
**Counsel for Defendant/Appellant:**
**Alan J. Bernard**

**SULLIVAN, Judge.**

Judgment debtor appeals the trial court's dismissal of his action to annul a judgment rendered against him. We reverse and remand to the trial court for further proceedings.

*Facts and Procedural Background*

Kathleen Whitehurst, Kathleen Whitehurst, LLC, and Kathleen Whitehurst Properties, LCC, filed suit against A-1 Affordable Siding, Inc. (A-1) and Alan J. Bernard, seeking damages allegedly resulting from the installation of siding by Defendants pursuant to a contract. Plaintiffs confirmed a default judgment against Defendants on January 18, 2006. On March 27, 2006, Defendants were granted an appeal of that judgment. Thereafter, on August 4, 2006, Defendants filed a Petition for Nullity of Judgment. In an opinion rendered March 7, 2007, this court reversed and set aside the judgment against A-1 but affirmed the judgment against Mr. Bernard. *See Whitehurst v. A-1 Affordable Siding, Inc.,* 06-1321 (La.App. 3 Cir. 3/7/07), 953 So.2d 111, *writ denied*, 07-1092 (La. 9/14/07), 963 So.2d 998. As a result, Mr. Bernard is the sole defendant herein.

On November 7, 2007, Mr. Bernard filed a Motion to Fix for Trial regarding his Petition for Nullity. There are two orders in the record setting the matter for trial. One order has the trial scheduled as a fifth fixing for March 17, 2008, at 1:30 p.m.; the other order has the trial scheduled for July 28, 2008, at 1:30 p.m. On January 10, 2008, Plaintiffs filed a Response to Petition For Nullity of Judgments and Reconventional Demand in which they asserted that the Petition for Nullity was res judicata. Plaintiffs also asserted in their Response that Mr. Bernard libeled them in his Petition for Nullity when he claimed that they had obtained the default judgment

1

against him by acts which constitute fraud and ill practices; they sought an award of damages against Mr. Bernard and his attorney on this claim. Thereafter, on February 11, 2008, Plaintiffs filed a motion to have their reconventional demand set for trial on March 17, 2008.

On February 26, 2008, Plaintiffs filed a Rule to Show Cause in which they sought to have: 1) Mr. Bernard and his attorney held in contempt and sanctioned; 2) the petition for nullity dismissed; and 3) damages, reasonable attorney fees, and court costs awarded in their favor for "actions/inactions" of Mr. Bernard and his attorney in the trial court and in this court, which were "reckless, contrary to ethical standards, and indirectly in contempt." The Rule to Show Cause included an order to set the matter for hearing, and it was set for hearing on March 17, 2008.

Mr. Bernard filed Dilatory, Declinatory, and Peremptory Exceptions on March 7, 2008, pertaining to Plaintiffs' Rule to Show Cause, which were set for hearing on April 21, 2008. Mr. Bernard also filed a motion to continue the March 17, 2008 trial of Plaintiffs' Rule to Show Cause based on La.Code Civ.P. art. 929's provision that dilatory, declinatory, and peremptory exceptions must be tried in advance of the trial on the case. The motion was denied.

On March 17, 2008, the trial court heard arguments in this matter. In light of the libel claim asserted against Mr. Bernard's attorney in Plaintiffs' reconventional demand, new defense counsel appeared on behalf of Mr. Bernard and his original attorney at the hearing. In addition to seeking authorization to be substituted for original defense counsel, new counsel sought a continuance on the ground that an action to annul a judgment is an ordinary action that cannot be tried pursuant to a Rule to Show Cause. In his arguments, counsel referenced the trial court's notice of

2

hearing, stating that the notice contained four matters: 1) contempt sanction for Defendants' actions; 2) petition filed to declare judgment a nullity should be dismissed; 3) why Plaintiffs should not be granted damages, attorney fees, and costs related to the Petition to Annul; and 4) why Mr. Bernard and Mr. Hernandez should not be cast for damages for libelous and fraudulent comments they made against Plaintiffs' counsel. The trial court took the matters under advisement and, in a minute entry dated April 10, 2008, granted Plaintiffs' exception of res judicata and "denied" the Petition for Nullity.

The next day, April 11, 2008, Plaintiffs filed an Exception of Res Judicata, requesting that it be set for hearing on April 21. Thereafter, a judgment dated June 11, 2008, incorporating the trial court's rulings of April 10, 2008, was signed by the trial court; the judgment states in pertinent part, "The petition for nullity of judgments filed by Alan J. Bernard and A-1Affordable Siding, Inc. is dismissed on the Exception for Res Judicata."

Mr. Bernard appeals, arguing: 1) the trial court erred in denying his Petition for Nullity because it is an ordinary proceeding that was improperly tried as a summary proceeding, and 2) the trial court erred in granting Plaintiffs' exception of res judicata because it was not set for hearing that day.

### *Discussion*

Finding that the Exception of Res Judicata was improperly granted on the merits, we do not address the procedural posture of the matters set for hearing March 17, 2008, and thereafter ruled upon by the trial court.

In his Petition for Nullity, Mr. Bernard asserted that the judgment against him was null and void because service of process was not made on him personally or at

3

his domicile; he was not a party to the contract sued upon; and allegations by Plaintiffs in their request for the entry of a preliminary default that both parties had been served by personal service on September 16, 2004 were not factually correct. The second issue was addressed in the prior appeal of this matter, but the first and third issues were not. *Whitehurst,* 953 So.2d 111. Mr. Bernard's claim that the judgment against him is a nullity was not tried by the trial court on March 17, 2008.

The basis of Mr. Bernard's Petition for Nullity is the legal premise that "a judgment rendered against a party who has not been served and who has not appeared is an absolute nullity." *Jenkins v. Capasso*, 02-625, p. 4 (La.App. 4 Cir. 2/5/03), 836 So.2d 1286, 1288, *writ denied*, 03-904 (La. 5/16/03), 843 So.2d 1136. *See also* La.Code Civ.P. art. 2002(A)(2). Plaintiffs claim that Mr. Bernard's allegations of inappropriate service of the citation in the Petition for Nullity were "rendered moot since he did not allege same in the Third Circuit."

In *Assensoh v. Diamond Nails,* 04-1130, pp. 5-6 (La.App. 4 Cir. 2/16/05), 897 So.2d 806, 810, *writ denied*, 05-601 (La. 4/29/05), 901 So.2d 1073 (alterations in original), the court explained why Mr. Bernard's challenge regarding sufficiency of service is proper for an action of nullity, not an appeal, and why Plaintiffs' claim that his challenge is "moot" is misplaced:

> Article 2005 provides that "[a]n action of nullity does not affect the right to appeal" and that "[a] judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed." La. C.C.P. art.2005. Simply stated, this article provides that "the two remedies may be sought simultaneously." 1 Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 12.6 (1999). "[T]he defendant must bring an action for nullity when the basis of her or his attack on the judgment does not appear in the record and therefore cannot be corrected by appeal." *Id.* "[T]he practical effect behind requiring that the defendant bring an action to annul the judgment is to permit the introduction of additional evidence."

4

*Decca Leasing Corp. v. Torres*, 465 So.2d 910, 915 (La.App. 2 Cir.1985).

The trial court's grant of Plaintiffs' Exception of Res Judicata was error, and its judgment is reversed insofar as it grants the exception and dismisses Mr. Bernard's Petition for Nullity.

### *Disposition*

The trial court's dismissal of Mr. Bernard's Petition for Nullity is reversed, and this matter is remanded for trial of the merits of said Petition. All costs assessed to Plaintiffs.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.