192 So.2d 884 (1966)
GUEDRY FINANCE COMPANY, Inc.
v.
Mrs. Lela Z. BRELAND.
No. 2373.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1966.
*885 Warren M. Simon, Jr., New Orleans, for plaintiff-appellant.
Irwin L. Tunis, New Orleans, for defendant-appellee.
Before McBRIDE, HALL and BARNETTE, JJ.
HALL, Judge.
Mrs. Lela Z. Breland brought suit on July 13, 1965 seeking to annul a default judgment in the sum of $197.64 plus interest and costs obtained against her on April 17, 1964 by Guedry Finance Company, Inc. She alleged as ground for nullity that she had not been served with process as required by law. From a judgment in her favor annulling the judgment on April 17, 1964, Guedry Finance Company, Inc. prosecutes this appeal.
The suit by Guedry Finance Company, Inc. against Mrs. Breland was filed on March 26, 1964. The Constable's return evidencing service of process in that case reads as follows:
"Received on March 26, 1964 and on March 28, 1964 I served a true copy of the within citation and accompanying petition on Mrs. Lela Z. Breland defendant herein serving same at his domicile 3708 Perrier Street in the hands of Mrs. B. Simmons a person of suitable age and discretion residing therein as a member of his domiciliary establishment. Defendant being absent at the time of said service. All these facts I learned by interrogating said person.
 (Sig) C. Kertz,
 Deputy Constable"
Mrs. Breland claims that she was not domiciled at 3708 Perrier Street on March 28, 1964, the date of service shown by the return, and the question presented here is whether the evidence produced at the trial of the action in nullity is sufficient to overcome the prima facie correctness of the constable's return.
Mrs. Breland testified that she shared an apartment with a Mrs. Eldora Simmons at 3708 Perrier Street from 1962 until the latter part of December 1963 or the first part of January 1964 at which time she moved to 4402½ Dryades Street and has never returned to the Perrier Street address; that she lived at the Dryades Street address with a Mrs. Landwerlin and her son, Wayne, until January 1965 when she moved to 1002 Aline Street and is living there now with the same Mrs. Eldora Simmons. She further testified that she was not living at 3708 Perrier Street on March 28, 1964; that no process issued in the Guedry Finance Company suit has ever been served upon her either personally or at her domicile, nor has she ever received any court papers whatever in connection therewith.
Mrs. Eldora Simmons testified that Mrs. Breland shared an apartment with her at 3708 Perrier Street during 1962 and 1963 but that Mrs. Breland moved from that address in the latter part of December 1963 or the first part of January 1964 "when some relatives came in to visit me occasionally and there wasn't enough room and Mrs. Breland had to leave." She testified *886 that for three or four months she did not know where Mrs. Breland had gone to live; that after she learned that Mrs. Breland had moved to the Dryades Street address she frequently visited her there, and that she is now living with Mrs. Breland at 1002 Aline Street. Mrs. Simmons further testified that Mrs. Breland was not living at 3708 Perrier Street on March 28, 1964, and denied that any court papers addressed to Mrs. Breland were ever served upon her. She also testified that the residence 3708 Perrier Street was an apartment building; that she had lived there for ten years and knew all of the occupants; that she was the only "Simmons" at that address and that there was definitely no one there by the name of "Mrs. B. Simmons."
Mr. Kertz, the deputy constable who made the return, was called to the witness stand by Guedry Finance Company, Inc. Mr. Kertz testified that he had had eight and one-half years experience with the Constable's office as a process server. He identified his signature on the return and testified that the return was correct otherwise he would not have signed it. He had no independent recollection of making the service in question since it had been made two years ago and "we serve about 50 or 60 people a day."
The law is well settled that the official returns of services of process by public officers are presumed correct and the burden rests on those who attack them to establish their incorrectness. It is also well settled that the burden of proving the incorrectness of service of process by public officers can be discharged only by clear and convincing proof that its recitals are erroneous, and that a return cannot be impeached by the uncorroborated testimony of the party upon whom service is stated by the officer to have been made, or by the uncorroborated testimony of any other single witness. (See Sims v. First National Bank of Ruston, 177 La. 386, 148 So. 505; Logwood v. Logwood, 185 La. 1, 168 So. 310; Smith v. Crescent Chevrolet Co., Inc., La.App., 1 So.2d 421; Wright v. Peters Furniture Co., Inc., La.App., 153 So. 548; Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4. See also 72 C.J.S. Process § 102, pp. 1144, 1145.)
It is likewise clear that domiciliary service to be effective must be made "at the dwelling house or usual place of abode of the person to be served". (See LSA-C.C.P. Art. 1234; Wilson v. King, 227 La. 546, 79 So.2d 877.)
Two questions are presented here: (1) whether the proof adduced is sufficient to overcome the presumption that service was made in the hands of Mrs. Simmons, and (2) whether 3708 Perrier Street was the "dwelling house or usual place of abode" of Mrs. Breland. The latter is the crucial question for even if Mrs. Simmons' denial of service upon her be considered insufficient to overcome the presumption flowing from the return, we still have the question of Mrs. Breland's "dwelling house or usual place of abode."
On the question of Mrs. Breland's residence the Trial Court in his written "Reasons for Judgment" said: "In the instant matter the Court is convinced that Mrs. Breland was not domiciled at 3708 Perrier Street on March 28, 1964."
Both Mrs. Breland and Mrs. Simmons testified unequivocally that Mrs. Breland was not living at 3708 Perrier Street on the date of service shown by the return. The Trial Court who saw and heard the witnesses believed their testimony. We find no basis for holding that he erred in so doing.
Guedry Finance Company, Inc. makes much of the fact that Mrs. Breland did not call Mrs. Landwerlin and her son as witnesses to the fact that she was living with them on Dryades Street on March 28, 1964 and that she offered no rent receipts, telephone or electric statements to corroborate her testimony and that of Mrs. Simmons. *887 But as said in Fisher v. Hernandez, 11 Orl.App. 348:
"No unfavorable inference can be drawn against a party to a suit for failure to produce corroborative testimony."
For the foregoing reasons we are of the opinion that there was no valid service of citation made upon Mrs. Breland in the suit filed against her by Guedry Finance Company, Inc. and since she made no appearance in those proceedings the judgment therein rendered is an absolute nullity. (See LSA-C.C.P. Art. 2002; Texaco, Incorporated v. Finegan, La.App., 119 So.2d 646.)
The judgment appealed from is affirmed, costs of this appeal to be borne by appellant, Guedry Finance Company, Inc.
Affirmed.