SAVOY, Judge.
Plaintiff has appealed from a judgment of the district court refusing to confirm a default in his favor in the instant case.
A chronological statement of facts in this case is as follows:
(1) Appellee filed suit against appellant on November 11, 196S, being a petition for the entire balance due on a certain lease agreement which was ultimately confirmed by the court by default on December 9, 1965.
(2) A writ of fieri facias was issued upon said judgment, and service of the notice of seizure was made upon the defendant on February 24, 1966.
(3) A sale of the property described in the writ of fieri facias was held by the Sheriff of Lafayette Parish on March 30, 1966, all in accordance with law.
(4) On March 29, 1967, a suit was filed by Lester J. Guidry against John Poirot, seeking to declare the judgment previously rendered in favor of John Poirot in the instant case a nullity, primarily upon the alleged grounds that John Poirot had not presented the requisite proof in order to obtain a valid default judgment in the original proceeding.
(5) The suit was accompanied with a request by Lester J. Guidry to be allowed to prosecute his action without prior payment of costs or as they accrue in accordance with the provisions of Louisiana Code of Civil Procedure, Article 5181.
(6) On April 19, 1967, John Poirot filed a rule to traverse the right of Lester J. Guidry to proceed in forma pauperis and in due course a hearing was held on the rule on May 1, 1967, before Honorable Jerome E. Domengeaux, district judge of said court.
(7) On May 1, 1967, after due hearing, the court set aside the prior order permitting Lester J. Guidry to prosecute his suit without prior payment of costs and ordered that he pay all costs incurred up until said date and future costs as they accrue, and in default of payment, the plaintiff’s suit should stand dismissed as in case of non-suit.
(8) The plaintiff, on May 4, 1967, appeared before Honorable Luden C. Bertrand, a different presiding judge of the Fifteenth Judicial District Court, and entered a preliminary default without any notice whatsoever to the appellee’s counsel of record.
(9) . On May 15, 1967, plaintiff, through his attorneys, attempted to confirm a default judgment against John Poirot, which confirmation was denied.
There is no showing in the record that plaintiff ever complied with the order of court dated May 1, 1967, ordering him to pay all accrued costs and future costs in the instant suit within ten days from May 1, 1967, and in default thereof, his suit would be dismissed as of non-suit.
Admitting for purposes of argument that the order of May 1, 1967, has been complied with, we are of the opinion that the trial judge was correct in not confirming the default in the instant case in view of LSA-C.C.P. Article 2003, which states:
“A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
The record in the case of John Poirot, d/b/a International Leasing Company v. Lester Guidry, bearing number 35,310 on the docket of the Fifteenth Judicial District Court, reflects that personal service was made on defendant Guidry. A judgment by default was entered against him. A writ of fi. fa. was issued and served on Guid-ry, notifying him that the property described in the notice of seizure was being seized; and showing the date of the sale. It also stated that the property was being *128 sold with benefit of appraisement and notified Guidry to appear at the Sheriff’s office up to a certain date (which was approximately 32 days after the notice was served on him) to appoint one of the appraisers.
Guidry did nothing to enjoin the sale nor did he appoint an appraiser. The property was sold at public sale by the Sheriff of Lafayette Parish, Louisiana, on March 30, 1967, and was adjudicated to John Poirot.
In view of LSA-C.C.P. Article 2003 and the cases of Dipuma v. Anselmo, (La.App., 1 Cir., 1962), 137 So.2d 76; and Poitevent v. Poitevent, (La.App., 4 Cir., 1963), 152 So.2d 256, cert. den. 244 La. 672, 153 So.2d 884, it is our opinion that plaintiff in the instant case has acquiesced in the judgment rendered against him and cannot at this time attack same.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.