270 So.2d 604 (1972)
Glenda SPINKS, Plaintiff-Appellant,
v.
CADDO-BOSSIER SERVICES, INC., Defendant-Appellee.
No. 11927.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
*605 Isaac Abramson, Shreveport, for plaintiff-appellant.
Burnett, Harrison & Sutton, by James A. Burnett, Shreveport, for defendant-appellee.
Before PRICE, HEARD and HALL, JJ.
HALL, Judge.
This suit was brought by plaintiff-appellant, Glenda Spinks, to annul a default judgment rendered against her in favor of defendant-appellee, Caddo-Bossier Services, Inc. The basis for nullity alleged by plaintiff is that there was improper service of process in the original suit in that domiciliary service was made at an address where she did not reside and, therefore, the judgment is absolutely null. From a judgment rejecting plaintiff's demands she perfected this appeal.
The testimony taken in the City Court was not transcribed but the parties stipulated that the facts set forth in the trial judge's written opinion correctly reflect the testimony of the witnesses at the trial. Other evidence consists of the record in the previous suit and certain documents offered into evidence by defendant-appellee.
The record reveals that the original suit by Caddo-Bossier Services, Inc., against Glenda Spinks was on a note dated November 27, 1970, in the amount of $396, payable to World Wide Health Studio and assigned to Caddo-Bossier Services, Inc. The original suit was filed on April 7, 1971, and the return on the citation reflects domiciliary service was made by a deputy city marshal on Glenda Spinks' mother-in-law, Mrs. I. P. Spinks, at 312 West 81st Street in Shreveport. No answer or appearance was made by Glenda Spinks and on June 1, 1971, a default judgment was rendered. On June 3, 1971, according to the deputy marshal's return, service of notice of judgment was made at the same address by the same deputy city marshal and his return showed personal service on the appellant.
In February, 1972, appellee caused a writ of fieri facias to be issued and pursuant to the writ the same deputy city marshal seized certain items of personal property belonging to appellant at her place of business in Shreveport. The record does not reflect that the property seized has been advertised or sold. On February 23, 1972, appellant filed the present suit to annul the default judgment on the basis of improper service.
At the trial, appellant, her husband and her mother-in-law all testified that appellant never had resided at 312 West 81st Street except perhaps for a few days several years ago. Their testimony was to the effect that appellant and her husband lived together at 2743 Judson Street in April, 1971, when service of citation was made in the original suit, and that they lived at that address for two and one-half to three years, renting from a Reverend Duke. The mother-in-law testified she remembered the marshal giving her some papers and telling the marshal that she was the mother-in-law of Glenda Spinks but that she had her mind on other things and forgot *606 to give the papers, which she never read, to her daughter-in-law.
The deputy city marshal who made service on the mother-in-law testified he recalled making service on her and that she told him that Glenda was not there but that she "resides here". The deputy marshal had no independent recollection of serving the notice of judgment but confirmed that he noted on the return that he made personal service on Glenda Spinks.
LSA-Code of Civil Procedure Article 1234 provides for domiciliary service "at the dwelling house or usual place of abode of the person to be served . . .". LSA-Code of Civil Procedure Article 1292 provides that a return on a citation "shall be considered prima facie correct". The law is well settled that the return is presumed to be correct and the burden rests on one attacking the correctness of service of process to establish the incorrectness by clear and convincing evidence. Guedry Finance Company v. Breland, 192 So.2d 884 (La.App.4th Cir. 1966).
The trial judge did not pass directly on the validity of the service of process. However, the testimony as recited in his narrative of facts is convincing that the mother-in-law's address where service was made was not appellant's dwelling house or usual place of abode. Appellant's testimony is corroborated by that of her mother-in-law and husband. It is also corroborated by a form she filled out at the time she applied for membership in World Wide on which she listed both the West 81st Street and Judson Street addresses and showed her landlord as Mr. Duke, from whom they rented the house on Judson Street. Accordingly, we conclude that the domiciliary service of process was invalid.
LSA-Code of Civil Procedure Article 2002 provides in part:
"A final judgment shall be annulled if it is rendered:
* * * * * *
"(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
* * * * * *
"Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
LSACode of Civil Procedure Article 2003 provides:
"A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002."
The trial judge held appellant could not maintain her action in nullity because (1) an action to annul must be preceded by or filed contemporaneously with an action to enjoin the enforcement of the judgment which was not done in this case; (2) appellant's failure to act after receiving personal service of the notice of judgment was tantamount to acquiescence in the judgment; and (3) appellant is estopped from urging lack of proper service because she gave the West 81st Street address on the forms filled out at World Wide on which the creditor relied in making service.
The record shows that appellee had certain properly belonging to appellant seized under a writ of fieri facias but the record does not show that the property has been advertised or sold. Thus, appellant may still bring an action to enjoin execution or enforcement of the judgment. It cannot be said that a defendant has failed to attempt to enjoin the enforcement of a judgment so long as the right to enjoin still exists as it does here since the judgment has not actually been executed to the point of sale of the property seized. LSA-Code of Civil Procedure Article 2298 provides for injunctive relief "prohibiting the *607 sheriff from proceeding with the sale of property seized under a writ of fieri facias" when "the judgment sought to be executed is absolutely null." Thus, injunctive relief is available until the property seized is actually sold. We do not view Article 2003 as requiring an injunction suit to be filed as a prerequisite to bringing the action in nullity but interpret Article 2003 as barring an action to annul a judgment only where the defendant has allowed execution, that is, seizure and sale, without attempting to enjoin enforcement of the judgment.
The decision in Guidry v. Poirot, 206 So.2d 126 (La.App.3d Cir. 1967) cited by appellee is clearly distinguishable from the instant case. In Guidry, the property had already been sold and the defendant did not bring suit to annul the judgment until one year after the sale.
We find no legal authority for the appellee's position and the trial court's holding that failure to act after personal service of the notice of judgment amounted to an acquiescence in the judgment. For a default judgment to be valid it must be based on valid service of process. Proper service of the notice of judgment cannot revive a judgment which is null. Failure to act after receiving notice of an invalid judgment does not amount to acquiescence.
Likewise, there is no legal authority for the proposition that appellant is estopped from attacking the validity of service of process because she gave the West 81st Street address at the time of entering into the contract. First of all, it should be noted that she also gave the Judson Street address. There are many reasons a person might list an address for mailing or other purposes other than their actual dwelling house or place of abode. In any event, valid domiciliary service depends on the actual and true facts at the time of service and not on information furnished by the defendant at some time prior to service.
For the reasons assigned, the judgment of the City Court is reversed and it is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Glenda Spinks, and against defendant, Caddo-Bossier Services, Inc., annulling the judgment of the City Court of the City of Shreveport rendered on June 1, 1971, in Suit No. R-36,215, entitled Caddo-Bossier Services, Inc. v. Glenda Spinks. Costs of this proceeding are assessed to defendant-appellee, Caddo-Bossier Services, Inc.
Reversed and rendered.
HEARD, J., dissents with written reasons.
HEARD, Judge (dissenting).
I respectfully dissent from the decision rendered by the majority. The majority found that in February, 1972 appellee caused a writ of fieri facias to be issued and pursuant to the writ the deputy city marshal seized certain items of personal property belonging to appellant at her place of business in Shreveport. The record does not reflect that the property seized has been advertised or sold. At the time of the seizure Glenda Spinks was in her place of business in Caddo Parish. She has filed no suit nor made any attempt to enjoin the enforcement of the judgment. LSA-C.C.P. art. 2003 provides:
"A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002." [Emphasis supplied].
If the seizure is pursued to its logical conclusion we will have annulled the judgment contrary to the provisions of LSA-C.C.P. art. 2003.
I respectfully dissent.