FLEMING, Judge.
This is a suit for nullity of judgment and injunctive relief instituted by appellant, Lloyd Parker, against appellee, Term-plan Gentilly, Inc.
The facts giving rise to this litigation are essentially undisputed.
On January 25, 1972, Termplan Gentilly, Inc., instituted suit on a promissory note against Lloyd Parker. Service was allegedly made on Mr. Parker by domiciliary service on one Joe Parker, supposedly the nephew of the defendant. Judgment by default was taken against Parker for the full amount sought on March 8, 1972. Thereafter notice of judgment was served personally on defendant on March 9th.
On July 21, 1972, Lloyd Parker instituted the present suit to have the judgment of March 8 annulled and to have Termplan Gentilly, Inc., enjoined from enforcing same. The grounds alleged for annullment are that there was improper service of the initial suit on Parker. More specifically Parker asserts that he has no nephew named Joe Parker and that he found the citation to the suit inside the screen door of his apartment. Accordingly, it is urged the judgment of March 8 is a nullity. LSA-C.C.P. art. 1234.
Termplan Gentilly, Inc., on the other hand contends that the service was in fact a valid one. Hower*er, assuming that service was defective, Termplan argues that Parker acquiesced in the taking of the judgment as he did nothing by way of objection thereto until this proceeding which was instituted over four months after he received the notice of signing of the judgment. Therefore Termplan argues, *164 pursuant to LSA-C.C.P. art. 2003, Parker may not have the judgment annulled.
Article 1234 which allows domiciliary service provides:
“Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.”
The pertinent part requires service on a person who resides in the residence as a member of the establishment.
We are of the opinion that the trial court erred in finding the initial service of process to be valid.
The deputy constable who made the alleged service testified in part as follows regarding the manner in which this service was effectuated:
“Q. Do you recall the time of day that you went to this particular 3338 Pine Street?
“A. Yes. It wasn’t in the morning. It was in the afternoon on my way going home.
“Q. Do you remember the date, sir?
“A. The date would be February 25th as my return says.
“Q. Do you recall whether or not anybody was at home ?
“A. Well, when I knocked on the door no one was home, no one answered. And I was ready to leave. They had some fellow on the front porch there, a side porch, apartment. I asked him do^ Lloyd Parker live there. He said what you got for him. Just like that. I said I got something for him. If he’s not home it’s no good. He said give it to me. I will give it to him. He said he stays there with him. Normal procedure. Then, he tells me his name is Joe Parker, his nephew or uncle. Normal procedure. We do that every day. For fourteen and a half years I did it.
“Q. And he told you that he lived there ?
“A. Yes. He said that he lived with him. And I gave it to him.
“Q. You made your return based on that reliance of his statement ?
“A. Right, sir.”
The overwhelming preponderance of the evidence indicates that neither Mr. Parker nor any member of his household received the citation from the deputy constable.
Mrs. Mary Redder, who testified that she lives across the hall from Mr. Parker, stated that Mr. Parker lived alone at the time the questionable service was made. She further stated she saw the deputy constable who allegedly made the service slip papers between the screen and the door to the Parker apartment and this at a time when Parker was at work.
Mr. Parker himself testified that he has no relative named Joe Parker and that no one lived with him in the apartment at the time service was attempted. He testified additionally that he found the citation between the screen and the door when he returned from work in the evening.
We therefore are of the opinion that the service of the initial suit was invalid and that Parker may properly have the judgment of March 8th annulled unless he in fact acquiesced in same.
After examining the record and considering the argument of counsel, we cannot agree that Parker has acquiesced in the judgment of March 8th because he failed to act to have same set aside immediately upon receiving notice of the signing of judgment. The case at bar is quite similar *165 factually to Spinks v. Caddo-Bossier Services, Inc., La.App., 270 So.2d 604 (1972).
In the Spinks case improper domiciliary service was attempted on one Glenda Spinks. A default judgment was taken and thereafter notice of judgment was personally served on the defendant. Defendant took no action with reference to the judgment until some eight months later when suit was instituted to annul the original judgment on the basis of improper service after a writ of fieri facias had issued in execution of that judgment.
In holding that Glenda Spinks did not acquiesce in the judgment rendered against her by failing to act upon receipt of the notice of judgment, the court stated in part as follows :
"We find no legal authority for the appellee’s position and the trial court’s holding that failure to act after personal service of the notice of judgment amounted to an acquiescence in the judgment. For a default judgment to be valid it must be based on valid service of process. Proper service of the notice of judgment cannot revive a judgment which is null. Failure to act after receiving notice of an invalid judgment does not amount to acquiescence.”
We agree with the rationale of this case and accordingly hold that appellant is entitled to the relief for which he has prayed.
For the foregoing reasons the judgment of the lower court is reversed and it is ordered that there be judgment in favor of Lloyd Parker and against Termplan Gentilly, Inc., annulling the judgment rendered by the lower court on March 8, 1972, in Suit No. 148-663 entitled Termplan Gentilly, Inc. v. Lloyd Parker, and that this matter be renfanded to the trial court for further proceedings.
All costs are to be borne by defendant-appellee, Termplan Gentilly, Inc.
Reversed and rendered