DUFRESNE, Judge.
This consolidated matter comes to us on appeal from a judgment rendered on March 25, 1985, in favor of plaintiff and against defendant, denying a petition to annul a previous judgment between the parties herein.
The plaintiff, Michael Alaynick, M.D. and the defendant, David Reiss, M.D. practiced medicine together pursuant to the terms of a contract to perform medical services. Both doctors entered into this contract in the name of their professional medical corporations.
Michael Alaynick, M.D. (plaintiff) instituted litigation against David Reiss, M.D. and David Reiss, M.D. a professional medical corporation (defendants) as a result of a contract dispute.
The central focus of this appeal is upon the default judgment rendered against the defendant, David Reiss, M.D. a professional medical corporation.
At the start of this litigation, the defendant medical corporation had its registered office at 2028 Napoleon Avenue in New Orleans (the residence of the defendant, David Reiss, M.D.) and as its registered agent for service of process, David Reiss, M.D.
The record reveals that the plaintiff directed service of process upon the corporation through its registered agent at the registered office of the defendant corporation. Because the suit was filed in Jefferson Parish, service had to be directed to the Orleans Parish Civil Sheriff’s Office.
After several attempts to perfect service, the Orleans Parish Civil Sheriff returned the citation and petition to Jefferson Parish. Plaintiff decided to attempt to make service at the clinic in Jefferson Parish, where David Reiss, M.D. practiced medicine. The record is clear that numerous attempts to serve him were made at this clinic, however, all to no avail. The record indicates that service was attempted by different deputies, on different dates, and at various times.
Because the Sheriffs Office could not perfect service of process after due diligence, plaintiff attempted to achieve service through a private process server at the registered office for the corporation in New Orleans. This was also unsuccessful.
Finally, plaintiff requested that the Jefferson Parish Clerk of Court issue service of process upon the defendant corporation via the Louisiana Secretary of State, pursuant to the authority granted under LSA-C. C.P. art. 1262. Such service was accomplished on February 21, 1984.
The Secretary of State sent the notice by certified mail to Dr. Reiss at his home on Napoleon Avenue. This was returned “unclaimed” since the defendant did not pick up his certified mail.
Based on the service on the Secretary of State as per La.C.C.P. art. 1262, judgment by default was granted against the defénd-ant corporation only in the amount of $209,426.67.
On April 18, 1984, the judgment debtor sued the plaintiff seeking to nullify this judgment.
The trial court denied the petition and the defendant corporation has appealed. We affirm.
The real issue presented to us which is vital for the resolution of this appeal is whether there was due diligence to perfect service upon the defendant medical corporation so as to comply with the requirements set forth in LSA-C.C.P. art. 1262.
It is settled law in Louisiana that domiciliary service cannot be made upon a corporation, Rue v. Messmer, 332 So.2d 591 (La.App. 4th Cir.1976). A corporation must be served by personal service on its agent for service of process. However, there are procedural provisions which will allow service on a party other than the appointed agent. Louisiana Code of Civil Procedure Article 1262 reads as follows:
“If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a *60 person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.”
It is also very clear that the defendant in a nullity action has the burden of proving its case by a preponderance of the evidence. A preponderance is made when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not, Roper v. Dailey, 393 So.2d 85 (La.1980).
Great weight is given to the return of the officer on the citation and it is incumbent upon any party who desires to attack it to establish otherwise by clearly convincing evidence, Billiot Bros. Inc. v. Bercier, 447 So.2d 1090 (La.App. 1st Cir. 1983). Furthermore, we recognize the statement of the serving officer as prima facie evidence of the facts contained therein. The trial court applied this legal principle after the officers indicated that they were unable to accomplish service after diligent effort. The trial court obviously believed that defendant failed to rebut the presumption of validity given to the officer’s return and we agree. The trial court is granted much discretion in its determination of facts and its conclusions based on these facts shall not be disturbed unless the record clearly reveals that manifest error has been committed. We hold that the trial court was not clearly wrong in the resolution of this matter.
Our review of the record shows us that the following individuals made diligent efforts to perfect service upon the agent for the defendant corporation:
1) Climon Smith, Orleans Parish Civil Sheriffs deputy;
2) Calvin Lee of the Jefferson Parish Sheriffs Office;
3) Edwin McClendon, a supervisor of process servers with the Jefferson Parish Sheriffs Office;
4) Walter J. Thomas, a private process server.
All these individuals tried, but failed to accomplish service on one David Reiss, M.D.
The record also reveals that service of process upon the registered agent was attempted at both the registered office and defendant’s principal place of business, at reasonable working hours, on frequent visits and on work days. It simply appears that the agent, Dr. David Reiss was successfully avoiding service.
Ms. Jeanette Wamsgans, Dr. Reiss’ receptionist stated that three service attempts were made on Dr. Reiss. Furthermore, Ms. Sharon Lipscomb, office manager for Dr. Reiss indicated that she, as well as Dr. Reiss knew of the attempts to serve him with the petition. Interestingly, Dr. Reiss had full knowledge that the Jefferson Parish Sheriff’s Office was attempting service from January 30th through February 7, 1984. Although he admits to this fact, he indicates that he was unaware of his obligations and duties as agent for service of process. This is ill founded.
Considering the entire record, we find that the trial court was correct in dismissing defendant’s nullity action. Accordingly, we affirm the decision of the trial court.
AFFIRMED.