# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CW 03-38

**TECHNISONIC RESEARCH, INC.**

**VERSUS**

**TECHNICAL INDUSTRIES, INC.**

\*\*\*\*\*\*\*\*\*\*

ON SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 99-73281
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ned E. Doucet, Jr., Billie Colombaro Woodard, and Jimmie C. Peters, Judges.

**WRIT DENIED.**

Woodard, J., concurs.

**Christopher J. Couch**
**Wayne M. Babovich**
**The Law Offices of Babovich,**
**Spedale and Chauvin, P.L.C.**
**111 Veterans Memorial Blvd.**
**Suite 340**
**Metairie, LA 70005**
**(504) 838 -7747**
**COUNSEL FOR: PLAINTIFF/APPLICANT:**
      **Technisonic Research, Inc.**

**Jean Ouellet**
**Perrin, Landry, deLaunay, Dartez**
**& Ouellet**

**P.O. Box 53597**
**Lafayette, LA 70505**
**(337) 237 - 8500**
**COUNSEL FOR:  DEFENDANT/RESPONDENT:**
    **Technical Industries, Inc.**

PETERS, J.

The plaintiff in this litigation, Technisonic Research, Inc. (Technisonic Research), seeks supervisory writs from a trial court judgment granting a motion filed by the defendant, Technical Industries, Inc. (Technical Industries), declaring a money judgment rendered in favor of Technisonic Research and against Technical Industries null and void. For the following reasons, we deny the application for supervisory writs.

## DISCUSSION OF THE RECORD

On September 20, 1999, Technisonic Research filed a suit on open account naming Technical Industries as the sole defendant. In the petition, Technisonic Research asserted that Technical Industries owed it $12,355.00 for services performed and merchandise provided to the defendant corporation on two separate dates, February 8, 1999 and February 17, 1999. Additionally, Technisonic Research sought recovery of twenty-five percent of the amount due as attorney fees. In its petition, Technisonic Research requested that Technical Industries be served through its registered agent for service of process, Edmund J. Baudoin, Sr. The sheriff's return reflects that a deputy sheriff effected personal service on Edmund Baudoin, Sr. on September 27, 1999. Technical Industries failed to timely answer the petition and, on October 22, 1999, Technisonic Research entered a preliminary default. On November 2, 1999, Technisonic Research confirmed the preliminary default and obtained judgment against Technical Industries in the amount sued upon.

After the judgment became final, Technisonic Research attempted to obtain a judgment debtor examination of the appropriate Technical Industries representative. Technical Industries responded to this attempt by filing a motion to have the November 2, 1999 judgment declared null and void. In its motion, Technical

Industries asserted that Technisonic Research's original petition was served on Edmund J. Baudoin, Jr., and not Edmund J. Baudoin, Sr. Technical Industries further asserted that neither Mr. Baudoin, Sr., nor Mr. Baudoin, Jr., were involved in its management, that it received no service of the petition and citation, and that it had no knowledge of the suit's existence prior to judgment being rendered against it.

At a September 23, 2002 hearing on its motion, Technical Industries presented the testimony of Mr. Baudoin, Jr., and Mr. Baudoin, Sr., in an effort to establish the lack of service of citation. Mr. Baudoin, Jr., testified that he, and not his father, had been served by the deputy sheriff with Technisonic Research's suit. Additionally, he testified that, although he had worked for Technical Industries as office manager until January of 1999, he was not, and never had been, agent for service of process for the corporation. Mr. Baudoin, Sr., who was seventy-seven years old at the time of the hearing, testified that, he was the founder and former president of Technical Industries, and he had sold his interest in the corporation approximately three years before the September 2002 hearing. It was unclear from his testimony whether he remained as the corporation's agent for service of process. He testified that he has been the agent for service of process and had been served in the past with legal proceedings filed against the corporation. Mr. Baudoin, Sr., had little memory of past events, including facts contained in an affidavit executed by him and submitted by Technical Industries in support of its motion. When asked if he could tell the trial court he was absolutely certain that he did not receive service of the September 20, 1999 suit, he responded, "I don't remember, no."

## OPINION

The trial court concluded that Technical Industries had established by a

2

preponderance of the evidence that, "there was not proper service upon Technical Industries, Inc." In reaching its conclusion, the trial court granted Technical Industries' motion to declare Technisonic Research's judgment null and void. Technisonic Research asserts in its writ application that the trial court applied the incorrect legal standard in evaluating Technical Industries' evidence. Technisonic Research argues that the trial court should have applied the clear and convincing evidence standard, a burden which Technisonic Research argues Technical Industries did not meet.

The trial court applied the preponderance of the evidence standard based on the supreme court's decision in *Roper v. Dailey*, 393 So.2d 85 (La.1980). Thus, our analysis of the issue before us necessarily requires an analysis of the *Roper* decision.

The litigation giving rise to the *Roper* decision began in 1977 when Pamela J. Dailey filed a tort suit naming Dennis Roper as the sole defendant. The sheriff's return reflected that a deputy sheriff personally served Mr. Roper at his place of business with the petition and citation. When Mr. Roper did not timely file responsive pleadings, Ms. Dailey entered a preliminary default against him. She ultimately confirmed the preliminary default, thereby obtaining a money judgment against Mr. Roper.

Upon receipt of the notice of judgment, Mr. Roper filed a petition to nullify the judgment based on, among other grounds, improper service of process. In his petition, Mr. Roper asserted that service was made upon a secretary or receptionist in his place of employment and that he never received notice of Ms. Dailey's suit.

At the trial of the nullity action, the deputy sheriff who completed the sheriff's return testified that the sheriff's office had a policy wherein a deputy would

sometimes telephone the person to be served and obtain permission to leave the papers to be served with a secretary or receptionist. However, he did not recall any of the particulars of service on Mr. Roper.

The trial court, applying a clear and convincing evidence standard, concluded that Mr. Roper did not carry his burden on the service of process issue, and the court of appeal agreed. *Roper*, 393 So.2d 85. In its initial opinion written by Justice Dennis, the supreme court affirmed the decisions of the lower courts. *Id*. Justice Dennis summarized Mr. Roper's burden as follows:

> As recognized by the court of appeal below, the trial court correctly summarized the law applicable to the burden of proving lack of service of process as follows:
>
> > "A return of citation is prima facie evidence of service. La.C.C.P. Arts. 324, 1292; La.R.S. 13:3471(5); *Hood Motor Company, Inc. vs. Lawrence*, 334 So.2d 460 (La.App. 1st Cir. 1976) writ denied, 338 So.2d 288, *Martinez vs. Silverman*, 288 So.2d 88 (La.App. 4th Cir. 1974); *Smith vs. Crescent Chevrolet Co.*, 1 So.2d 421 (La.App. 1st Cir. 1941). The return of the officer on the citation is given great weight and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. *Canterberry vs. Slade Brothers*, 232 La. 1081, 96 So.2d 4 (1957); *League Central Credit Union vs. Gagliano*, 336 So.2d 931 (La.App. 4th Cir. 1976); *Spinks vs. Caddo-Bossier Services, Inc.*, 270 So.2d 604 (La.App. 2d Cir. 1972). A return of citation cannot be impeached by the uncorroborated testimony of a single witness, *Canterberry vs. Slade Brothers,* supra, *League Central Credit Union vs. Gagliano*, supra, *Guedry Finance Company vs. Breland*, 192 So.2d 884 (La.App. 4th Cir. 1966), and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. *Canterberry vs. Slade Brothers*, supra; *Hood Motor Company, Inc. vs. Lawrence*, supra; *Guedry Finance Company vs. Breland*, supra; *Smith vs. Crescent Chevrolet Co.*, supra; *Martinez vs. Silverman*, supra; *Sims vs. First National Bank of Ruston*, 177 La. 386, 148 So. 505 (1933); *Logwood vs. Logwood*, 185 La. 1, 168 So. 310 (1936)."
>
> Furthermore, the rule has arisen in the jurisprudence that testimony of the serving officer is inadmissible if it would vary, contradict, and break down his official return of a citation, although the

4

officer may testify to incidental and collateral facts in support of his return and in order to show the validity of his acts. *Adler v. Board of Levee Commissioners*, 168 La. 877, 123 So. 605 (1929); *Baham v. Stewart Bros. & Co.*, 109 La. 999, 34 So. 54 (1903); *Smith v. Crescent Chevrolet Co.*, 1 So.2d 421 (1st Cir. 1941).

*Id.* at 86.

Justice Calogero (now Chief Justice Calogero) and Justice Lemmon both dissented from the majority opinion. Justice Calogero opined, "[Mr. Roper] made a sufficient showing that he was not personally served with the petition." *Id.* at 87.

Justice Lemmon concluded, "The officer's admission itself defeated the presumption of validity of the officer's return. And [Mr. Roper's] testimony that he was never served established that fact by a *preponderance of the evidence.*" *Id.* (emphasis added).

On rehearing, the supreme court reversed itself with Justice Lemmon writing for the majority and with Justice Dennis dissenting. Justice Lemmon stated the following concerning Mr. Roper's burden of proof:

> Upon reconsideration we conclude that Dennis Roper proved, by a *preponderance of the evidence*, that he was not served with citation, and we accordingly hold that he is entitled to a judgment declaring the nullity of the default judgment in the original action.
>
> . . . .
>
> The plaintiff in a nullity action has the burden of proving his case by a *preponderance of the evidence.* There is a preponderance when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. *Jordan v. Travelers Ins. Co.*, 257 La. 995, 245 So.2d 151 (La.1971).
>
> While the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. Roper's testimony, standing alone, may not be sufficient to tip the scales in his favor. However, the serving officer's testimony indicates that if he followed his frequent method of making "personal" service at a party's place of business, he very well may not have served Roper personally. Furthermore, as soon as Roper was notified of the default judgment, he employed counsel and

took immediate action, and there are no other circumstances which raise inferences contrary to Roper's testimony.

Taking the evidence in the nullity action as a whole, we conclude that, more probably than not, the serving officer did not serve the citation on Roper personally.

*Id.* at 87-88. (emphasis added) (footnote omitted).

In his dissent, Justice Dennis stated the following:

The majority opinion overrules the long-standing precedent that a party attacking the return of the officer on citation must establish facts to the contrary by clear and convincing evidence. In my opinion the rule was a wise one based on the practical consideration that busy deputies cannot possibly recall the details of each personal service months or even years after the event. The interest of society and the judicial system in the finality and security of default judgments should not be taken lightly. Because of these considerations, a party attacking a judgment on the grounds he was not served with citation should not be allowed to capitalize on a deputy's lack of perfect recall, which few humans possess, to nullify a court's judgment on a bare preponderance of evidence.

*Roper v. Dailey*, 400 So.2d 898 (La.1981).

Notwithstanding the seemingly clear language of the *Roper* decision, the jurisprudence following that decision is not as clear. Thus, we decided to call up this writ and consider it for the purpose of resolving the conflicting jurisprudence.

In this circuit, four decisions have cited *Roper* in addressing issues concerning the sufficiency of service and citation. While specifically relying on *Roper* as authority, three of these decisions continued to identify the burden of proof as that of clear and convincing evidence. *See Citibank (South Dakota) N.A. v. Keaty*, 599 So.2d 500 (La.App. 3 Cir. 1992); *Veillon v. Veillon*, 517 So.2d 936 (La.App. 3 Cir.), *writ denied*, 519 So.2d 105 (La.1987); *Terry, Inc. v. Bell*, 484 So.2d 315 (La.App. 3 Cir. 1986). The fourth decision from this circuit, *Wilson v. MFA Security Service Co.*, 410 So.2d 1177 (La.App. 3 Cir. 1982), stated that "[t]he law applicable to the burden of

proving lack of service of process was stated in *Roper v. Dailey*, 393 So.2d 85 (La.1980)," but followed that statement with the "clear and convincing" language in Justice Dennis' original decision. *Id.* at 1179. However, the *Wilson* court then cited *Roper* as authority for the position that the burden of proof in a nullity action is that of preponderance of evidence.

The confusion created by the *Roper* decision is not limited to this circuit. The first circuit, in *Kem-Search, Inc. v. Sheffield*, 416 So.2d 220 (La.App. 1 Cir.), *writ granted*, 422 So.2d 151 (La. 1982), *reversed on other grounds,* 434 So.2d 1067 (La. 1983), cited pre-*Roper* jurisprudence, as well as, *Roper* to conclude that the burden of proof is preponderance of the evidence. The fourth circuit, in *Jenkins v. Capasso*, 02-0625 (La.App. 4 Cir. 2/5/03), 836 So.2d 1286, *writ denied,* 03-0904 (La. 5/16/03), 843 So.2d 1136, while mentioning *Roper*, cited post-*Roper* jurisprudence from this circuit to conclude that the burden is clear and convincing evidence. The fifth circuit, in *Alaynick v. David Reiss*, 482 So.2d 58 (La.App. 5 Cir.), *writ denied*, 487 So.2d 438 (La.1986), and *Louisiana Truck Parts, Inc. v. W & W Clarklift, Inc.*, 444 So.2d 733 (La.App. 5 Cir. 1984), cited *Roper* for the preponderance burden. However, in *Alaynick*, the fifth circuit noted that clear and convincing evidence was still the standard for evaluating the validity of the content of the sheriff's return.

Recently, the fourth circuit specifically analyzed the *Roper* decision and its effect in establishing the applicable burden of proof in *Hall v. Folger Coffee Co.*, 02-0920 (La.App. 4 Cir. 4/9/03), 843 So.2d 623. In *Hall*, the fifth circuit stated:

> *Roper* is the latest pronouncement on this issue by the Louisiana Supreme Court, and it stands for the proposition that the party attacking service "need only to establish the falsity by a preponderance of the evidence." *Mariast & Lemmon, supra.* at § 8.5; 2 Steven R. Plotkin, *Louisiana Civil Procedure* 503 (2002) (stating that "a party may attack the return and prove the falsity or incorrectness of service by a

7

> preponderance of the evidence.") However, *Roper* also stands for the proposition that the uncorroborated testimony of the party attacking service, standing alone, is probably insufficient to tip the scales in that party's favor. *Mariast & Lemmon, supra.* As a general rule, "the uncorroborated testimony of the person served is insufficient to rebut the prima facie presumption unless the person served proves that service was impossible." *Plotkin, supra.* Similarly, another court has noted that its "research has disclosed that in every case upholding the defendant's assertion that he was not served, the defendant's testimony was corroborated or the return was otherwise impeached." *Polivka v. Worth Dairy, Inc.*, 26 Ill.App. 3d 961, 328 N.E.2d 350, 356 ([Ill.App.] 1 Dist. 1974).

*Id.* at 632.

We agree with the fourth circuit's analysis in *Hall*, and adopt it as our own. Thus, in the matter before us, we find no error in the trial court's use of the preponderance of evidence burden of proof.

However, our analysis does not end with that conclusion. The sheriff's return is still considered to be prima facie correct. *See* La.Code Civ.P. art. 1292. Additionally, the return of the officer on the citation is given great weight and the burden of proof is still on the party attacking its validity, even though the burden is less than that required before the *Roper* decision. Justice Lemmon's language in *Roper* makes it unclear whether the uncorroborated testimony of the party upon which service was allegedly made is still insufficient to overcome the preponderance of the evidence. Justice Lemmon stated, "[The party's] testimony, standing alone, *may not* be sufficient to tip the scales in his favor." *Roper*, 393 So.2d at 88 (emphasis added). Thus, the evaluation of the sufficiency of this self-serving evidence shifted from "cannot" to "may not."

In the matter before us, Mr. Baudoin, Sr., ambiguously testified that he could not remember being served. Thus, the trial court based its decision on the positive testimony of Mr. Baudoin, Jr., that he was the person served by the sheriff. A factual

8

determination by the trial court is subject to a manifest error review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We find no manifest error in the trial court's factual finding in this regard. Applying the principles set forth in the *Roper* decision to the instant case, and considering the deference to be given to the trial court's factual findings, we find no error in the trial court's judgment declaring the November 2, 1999 judgment a nullity.

## DISPOSITION

For the foregoing reasons, we deny the supervisory writ filed by Technisonic Research, Inc. We tax all costs of these proceedings to Technisonic Research, Inc.

**WRIT DENIED.**