## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 03-0917


**TAYLOR KAOUGH D/B/A KAOUGH & ASSOCIATES**

**VERSUS**

**HAZEL HENRY D/B/A HENRY TAX SERVICE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-1201
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## BILLY HOWARD EZELL
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Robert William Collings**
**Collings & Collings**
**3434 Common Street**
**Lake Charles, LA 70607**
**(337) 477-4725**
**Counsel for: Plaintiff/Appellee**
**Taylor Kaough**


**Genia Coleman-Lee**
**Attorney at Law**
**P. O. Box 17121**
**Lake Charles, LA 70616**
**(337) 491-9900**
**Counsel for: Defendant/Appellant**
**Hazel Henry**

**EZELL, JUDGE**.

The issues in this case are whether there was personal service of process and sufficient evidence to support a default judgment. Hazel Henry d/b/a as Henry Tax Service says there was not in both instances and appeals the default judgment entered in favor of Taylor Kaough d/b/a Kaough & Associates.

## FACTS

Kaough filed a petition for damages on March 13, 2002, against Henry and Lisa Madden alleging that they were indebted to it for $150,000. Kaough's petition alleged that it hired the Defendants to prepare its tax returns, compute taxes, and deliver the tax returns so the appropriate amount of taxes could be paid. Kaough claimed that it discovered that the Defendants breached their contract and failed to perform these duties resulting in additional taxes, penalties, and interest. It alleged that these errors and omissions by the Defendants resulted in Kaough's inability to accurately determine the costs of several construction contracts, which projects were being billed on a cost-plus basis, resulting in a loss of income to Kaough.

No answer was filed by either Henry or Madden. A preliminary default was entered on April 15, 2002. A default judgment was entered on May 21, 2002. On August 27, and December 19, 2002, Kaough filed petitions to examine the judgment debtor. On January 9, 2003, Henry filed a petition to annul the default judgment, alleging that she was never served with the original petition. In response, Kaough filed a motion for summary judgment. A hearing was held on April 17, 2003, resulting in judgment rendered in favor of Kaough on April 24, 2003. Henry appeals this judgment.

## SERVICE OF PROCESS

Henry argues that the default judgment should be annulled pursuant to La.Code Civ.P. art. 2002(A)(2) because she was not personally served with process. On the

other hand there is a return of a citation in the record indicating that personal service was made on Hazel Henry on March 13, 2002.

Louisiana Code of Civil Procedure Article 2002(A)(2) provides:

> A final judgment shall be annulled if it is rendered:
>
> . . . .
>
> Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

There is a presumption that a sheriff's return is prima facie correct. La.Code Civ.P. art. 1292. The plaintiff, in an action to nullify a default judgment, has the burden of proving his case by a preponderance of the evidence. *Roper v. Dailey*, 393 So.2d 85 (La.1980)(on rehearing), 400 So.2d 898(Dennis, J., dissenting); *Technisonic Research, Inc. v. Technical Indus., Inc.*, 03-38 (La.App. 3 Cir. 10/1/03), ___ So.2d _____; *Hall v. Folger Coffee Co.*, 02-920, 02-921 (La.App. 4 Cir. 4/9/03), 843 So.2d 623.

The deposition of Arthur Guillory, the deputy who signed the service return, is in the record. Guillory testified that he worked for the Calcasieu Parish Sheriff's Office for two years serving civil papers, though by the time of the deposition he had voluntarily left his employment with the sheriff's office. Guillory specifically remembered serving papers on Henry because he made a wrong turn and did not realize that Iris Street, where Henry's business was located, was a one-way street. He stated that he delivered the lawsuit "in her hand." He was very certain of this.

In support of her position, Henry introduced her affidavit, her co-defendant's affidavit, and that of three other workers who worked with her into the record. All of these affidavits stated that Henry "WAS OUT OF THE OFFICE DUE TO ILLNESS DURING THE WEEK OF MARCH 11TH THRU THE 15TH, 2002." Subsequently, another affidavit by Madden was submitted that stated that she "ACCEPTED THE

2

PAPERS ON MARCH 13, 2002 AND [SHE] DID NOT GIVE THE PAPERS TO MRS. HENRY.  MRS. HENRY FOUND OUT ABOUT THE LAW SUIT [sic] AT THE TIME OF THE SALE OF PROPERTY IN NOVEMBER 2002."

We note that none of the affidavits, except for the subsequent affidavit by Co-defendant Madden, state anything about whether or not Henry was served with papers. We also observe that there is a letter from Henry's doctor, Dr. Craig Broussard, which states that "the patient was on therapy at home with antibiotics for two weeks and a subsequent third week of antibiotics was ordered on March 5, 2002, which would have been completed on March 12, 2002.  However, the lawsuit was served the day after her home therapy was complete.

We also observe that there is a sheriff's return in the record indicating that the same deputy made personal service of notice of the default judgment on Henry on May 29, 2002.  Guillory also remembered serving these papers, while Henry claims she never received personal notice of the judgment either.

We agree with the trial court that there was insufficient proof to rebut the presumption of prima facie validity accorded the sheriff's return.

**INSUFFICIENT EVIDENCE**

Henry has argued on appeal that there was insufficient evidence to support the default judgment.  However, Henry never appealed the default judgment which was rendered on May 21, 2002.  She has appealed the judgment which denied her motion for nullity and granted summary judgment in favor of Kaough.  "A failure of proof must be raised in a motion for new trial or by appeal, not by an action for nullity." *Nat'l Income Reality Trust v. Paddie*, 98-2063, p.3 (La. 7/2/99), 737 So.2d 1270, 1271.  Henry failed to appeal the default judgment and, therefore, this issue is not properly before this court on an appeal from a judgment denying a motion for nullity.

For these reasons, the judgment of the trial court is affirmed.  Costs of this

3

appeal are assessed to Hazel Henry d/b/a Henry Tax Service.

**AFFIRMED**.