Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,003-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KCREW INVESTMENTS, LLC                    Plaintiff-Appellee

versus

JOHNATHAN DANGELO CLARK                   Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 624,785

Honorable Craig O. Marcotte, Judge

* * * * *

CHARLES NEUPERT & ASSOCIATES, LLC     Counsel for Appellant
By: Thomas D. Mayfield


WILLIAM E. BYRAM, LTD., APLC           Counsel for Appellee
By: William E. Byram


* * * * *

Before STONE, COX, and THOMPSON, JJ.

**THOMPSON, J.**

This appeal arises as a challenge to the presumption that domiciliary service was effective service and supported the trial court's rendering of a default judgment. The appellant asserts that the default judgment rendered against him is absolutely null due to improper domiciliary service at an address that he no longer used as his dwelling or usual place of abode. For the following reasons, we reverse the judgment of the district court.

## FACTS & PROCEDURAL HISTORY

On July 6, 2007, Defendant-Appellant, Jonathan Deangelo Clark ("Clark"), a single man at the time, purchased the land and improvements with a municipal address of 9373 Jessica Drive, Shreveport, Louisiana ("subject property"). Clark subsequently married, but the record is devoid of any evidence indicating he ever conveyed an ownership interest in the subject property to his wife. He later decided to sell the subject property and listed it for sale with a realtor. On January 18, 2020, he received an offer to purchase the subject property for $60,000 from Plaintiff-Appellee, KCREW Investments, Inc. ("KCREW"). Clark extended a counteroffer of $65,000 that was accepted by KCREW on January 21, 2020.

The offer and counteroffer were submitted via a Louisiana Residential Agreement to Buy or Sell, which included penalties for breach, including the right to seek specific performance. The original closing date was to take place on February 18, 2020; however, that date was extended by Clark four times, at least partially due to his separation from his wife and his apparent misunderstanding about her required involvement in the sale of his separate

property. At some point before the petition was filed, Clark asserts that he separated from his wife and relocated to Irving, Texas.

The last scheduled closing date for the subject property was set to take place on April 6, 2020, at the office of Kenneth C. Thomas. According to KCREW, Clark did not appear at the scheduled closing because allegedly his estranged wife was not willing to convey any property that could potentially come into play during the impending divorce proceedings and partition of the community assets. On April 22, 2020, KCREW, through its attorney, sent a demand letter via certified mail to Clark addressed to 9113 Blom Boulevard, Shreveport, Louisiana to perform in accordance with the agreement. The record contains no insight as to how or why KCREW selected that address to send notice to Clark. That certified mail, return receipt requested, does not bear Clark's signature, and there is no evidence contained in the record that Clark was residing at that address when the letter was mailed or that he ever received it.

After KCREW received no communication from Clark, it instituted this specific performance suit on July 13, 2020. Service of the citation and pleadings was asserted to have been accomplished by domiciliary service at the Blom Boulevard address, as reflected in the transcript of the hearing to confirm the default judgment. There is no sheriff's return included in the record. On August 3, 2020, counsel for KCREW faxed and mailed a letter to the Caddo Parish Clerk of Court, requesting a preliminary default be entered on the next available date. On August 5, 2020, a preliminary default was entered. On September 10, 2020, a trial for confirmation of the default judgment was held.

At the hearing for confirmation of default, KCREW called three witnesses: Clark's realtor, KCREW's realtor, and Ms. Gena Strozier (an employee of the closing attorney). According to Clark, at the hearing, the court raised concerns about the return receipt. The district court recognized service of the petition by the sheriff on July 17, 2020.[1] The service was not contested at the trial because the district court only heard testimony and received evidence from KCREW and neither Clark nor counsel on his behalf was present. The district court ultimately found in favor of KCREW and ordered specific performance be granted and awarded attorney fees in the amount of $2,000. This appeal followed.

## DISCUSSION

**Assignment of Error:**  **The trial court erred in finding appellant was served with process as required by law.**

Clark, in his sole assignment of error, alleges that the district court erred in finding that he was properly served as required by law, and, as such, the default judgment rendered by the district court is absolutely null. We agree.

For litigants and the general population to have confidence in the judicial process, it is of paramount importance that parties have knowledge of any proceeding which includes them as a party and that they have the opportunity to participate. This fundamental principle is embodied in the requirements for service of process as detailed in the Louisiana Code of Civil Procedure. In those instances where a judgment has been rendered against a defendant who has not been served with process as required by

---

[1] The record indicates that the signature on the return label of the Demand Letter was received by "DG C056" and signed by "Covid-19."

law, that judgment shall be annulled. La. Code Civ. Proc. art. 2002. Here, rather than attack the judgment as a nullity at the district court, Clark raises the issue of nullity on appeal.

Louisiana Code of Civil Procedure article 1201 provides that, without the essential elements of citation and service of process, all proceedings are absolutely null. *See also* La. Code Civ. Proc. art. 2002. Service on individuals and juridical entities are detailed in the applicable provisions of the Louisiana Code of Civil Procedure.

In instances similar to that facing Clark, for individuals, service of citation or other process may be either personal or domiciliary, and, except as otherwise provided by law, each has the same effect. La. Code Civ. Proc. art. 1231. Clark could be served personally. In the absence of personal service, domiciliary service is made only when a proper officer leaves the citation at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. La. Code Civ. Proc. art. 1234. Each of these elements is necessary for domiciliary service to be effective. In instances where domiciliary service has been made at locations other than the dwelling house or usual place of abode, judgments and other proceedings have consistently been held to be absolute nullities.

At issue in the present matter is whether the record contains satisfactory proof to support the assertion by KCREW that there was effective domiciliary service of process on Clark. KCREW argues that since there is no sheriff's return contained in the record, then there is no proper basis to sustain Clark's contention that service was improper. We disagree.

4

The record contains no evidence from Clark that he ever designated the Blom Boulevard address as his mailing address, dwelling house, or usual place of abode. There is no address for Clark included in the Louisiana Residential Agreement to Buy or Sell, or any exhibit, and the listing agreement between Clark and his realtor was not introduced as evidence. In such an instance, there is no reliability or certainty contained in the record that the vital procedural notice was ever provided to Clark.

The only evidence or testimony contained in the record suggesting Clark ever resided at the Blom Boulevard address was from his realtor, Eunice Strickland ("Strickland"). She testified that the address she had on file for Clark was the Blom Boulevard address. Neither that "file" or any other document supporting the dates of any use by Clark of the Blom Boulevard address is contained in the record before us. Strickland's testimony on the subject was in response to the question from counsel for KCREW inquiring if she knew Clark's address "during this period of time." The time period from obtaining a listing agreement (unknown date), receiving the offer from KCREW (January 18, 2020), the date of the anticipated final closing (April 6, 2020), the date of domiciliary service (July 17, 2020), and the date of Strickland's testimony (September 10, 2020) at the hearing to confirm the default judgment spans several months. Exactly when "this period of time" to which Strickland was testifying as to the Blom Boulevard being the address she believed was Clark's address is unknown and certainly not specifically supportive of such use by Clark on the date of domiciliary service in July, 2020.

The parties do not dispute the fact that Clark's estranged wife was served at the Blom Boulevard address on July 17, 2020. However, the sheriff's return was not filed into evidence. Clark's estranged wife was not called to testify to support the assertion the domiciliary service was effective and whether Clark actually resided with her at the time.

It is well settled that service upon one not living at the domicile of the defendant is not valid and no judgment can be rendered thereon. *Wilson v. King*, 227 La. 546, 79 So. 2d 877 (1955). Valid domiciliary service depends on the actual and true facts at the time of service and not on information furnished by the defendant at some time prior to service. *Spinks v. Caddo-Bossier Services, Inc.*, 270 So. 2d 604, 607 (La. App. 2 Cir. 1972). There are many reasons a person might list an address for mailing or other purposes other than their actual dwelling house or place of abode. Sadly, this court must recognize the prevalence of divorces and broken homes, and there can be no presumption the Clark household was somehow immune. In any event, valid domiciliary service depends on the actual and true facts at the time of service and not on information furnished by the defendant at some time prior to service. *Id*.

We therefore find that the district court erred in granting the default judgment against Clark and hereby reverse that decision.

## CONCLUSION

Considering the foregoing, the judgment of the district court is reversed. Costs of this appeal are assessed to appellee, KCREW Investments, Inc.

**JUDGMENT REVERSED.**